**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3473
_____

UNITED STATES OF AMERICA

v.

EDWIN PATILLO,

Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-06-cr-00611-1)
District Judge:  Honorable Robert B. Kugler
_____

Submitted Under Third Circuit LAR 34.1(a)
November 18, 2010

Before:  BARRY, CHAGARES and VANASKIE, Circuit Judges

(Filed: December 9, 2010)

_____

OPINION OF THE COURT
_____

VANASKIE, <u>Circuit Judge</u>.

A jury found Edwin Patillo guilty of four charges stemming from his involvement in a conspiracy to deal crack cocaine. The District Court sentenced him to 360 months in prison. Patillo then appealed. His attorney has moved to withdraw as counsel pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). For the reasons that follow, we will grant the motion and affirm the Judgment and Conviction Order of the District Court.

I.

As we write only for the parties, who are familiar with the facts and procedural history of this case, we will set forth only those facts necessary to our analysis.

A grand jury returned a second superseding indictment containing four charges against Patillo: (1) conspiring to distribute five or more grams of crack cocaine between July of 2003 and January of 2004, (2) distributing five or more grams of crack cocaine on September 25, 2003, (3) distributing an unspecified amount of crack cocaine on July 30, 2003, and (4) distributing an unspecified amount of crack cocaine on July 24, 2003. Patillo was subsequently tried before a jury.

During the trial, an Atlantic City police officer testified that she purchased crack cocaine from Patillo while working undercover. The officer also testified that she used a police photograph to identify Patillo as the person who sold crack cocaine to her. The District Court admitted this photograph into evidence. Additionally, the Court admitted into evidence the narcotics that Patillo allegedly sold.

The jury found Patillo guilty on all four counts. Prior to sentencing, Patillo asked the District Court to appoint him new counsel. To support his request, Patillo argued that

2

the photograph that was used to identify him did not exist at the time of his arrest and that his attorney should have kept it out of evidence. The District Court denied Patillo's request for a new attorney, noting that the Court had already appointed several attorneys to represent Patillo, and that trial counsel had performed well. Patillo then asked to represent himself. Following a thorough colloquy establishing that Patillo had made a knowing and voluntary decision to proceed pro se, the District Court granted that request, but retained Patillo's trial attorney as standby counsel.

At the sentencing hearing, the District Court reviewed Patillo's Presentence Investigation Report ("PSR"), which noted that Patillo managed the drug conspiracy and that at least 1,000 grams of crack cocaine were properly attributed to him. The PSR also stated that Patillo attempted to convince an unrelated woman to assert in a bail application that she was Patillo's aunt. The PSR listed Patillo's total offense level at 38, which included enhancements for his supervisory role and obstruction of justice. The PSR also assigned a criminal history category of V, which reflected Patillo's prior convictions for armed robbery, theft, conspiracy to commit theft, identity theft, and welfare fraud. Patillo's guidelines sentence range was 360 to 1,440 months of imprisonment. The statutory maximum sentence was 40 years for each of the first two counts, and 20 years for each of the second two counts, for a total sentence of 120 years. See 21 U.S.C. § 841 (2006) (amended 2010).

The District Court found that Patillo's total offense level was 38, and that his criminal history category was V. The Court considered the factors listed in 18 U.S.C. § 3553(a), focusing on Patillo's extensive criminal history and the need to protect the

3

public from further crimes by Patillo. The Court then sentenced Patillo to 360 months' imprisonment for each of the first two counts, and to 240 months' imprisonment for each of the second two counts, to be served concurrently.

Patillo filed a timely notice of appeal, and he was appointed appellate counsel. Patillo's attorney has moved to withdraw and submitted an Anders brief. Patillo has submitted several pro se briefs of his own.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Anders sets forth "the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation on the grounds that there are no nonfrivolous issues to appeal." United States v. Marvin, 211 F.3d 778, 779 (3d Cir. 2000). We implement Anders through Local Appellate Rule 109.2, which provides, in pertinent part:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to Anders v. California, 386 U.S. 738 (1967), which must be served upon the appellant and the United States. The United States must file a brief in response. Appellant may also file a brief in response pro se. . . . If the panel agrees that the appeal is without merit, it will grant counsel's Anders motion, and dispose of the appeal without appointing new counsel. If the panel finds arguable merit to the appeal, or that the Anders brief is inadequate to assist the court in its review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar.

3d Cir. L.A.R. 109.2(a). To meet the requirements of Local Appellate Rule 109.2, counsel must "satisfy the court that he or she has thoroughly scoured the record in search

4

of appealable issues," and "explain why the issues are frivolous." Marvin, 211 F.3d at 780. This Court, in turn, asks "whether counsel adequately fulfilled" the requirements of Rule 109.2, and "whether an independent review of the record presents any nonfrivolous issues." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).

When an Anders brief is adequate, we limit our review to the portion of the record that is highlighted in the brief. Id. at 301. When the Anders brief is not adequate, we may undertake a more expansive review of the record. See id. (consulting portions of the record identified by the pro se brief where Anders brief was inadequate). Regardless of the adequacy of the Anders brief, we will grant counsel's motion to withdraw without appointing new counsel if we determine that the appeal is patently frivolous. See United States v. Coleman, 575 F.3d 316, 321 (3d Cir. 2009).

A.

Counsel's Anders brief raises four issues: (1) whether Patillo's trial counsel was ineffective, (2) whether the District Court abused its discretion by admitting into evidence the photograph of Patillo despite questions as to its authenticity, (3) whether the District Court abused its discretion by admitting into evidence the narcotics that Patillo allegedly sold to undercover police despite purported breaks in the chain of custody of the evidence, and (4) whether Patillo's sentence was excessive.

The Anders brief addresses only the first issue adequately. With respect to the effectiveness of trial counsel, the Anders brief cites to the District Court's observation that Patillo's trial counsel did a "'wonderful job'" and was "'the best lawyer [Patillo is] ever going to have.'" (Anders Br. at 7 (quoting Hr'g Tr. 23, Oct. 17, 2007).) We see

5

nothing in the record that suggests that Patillo's counsel was ineffective. We agree that this issue is frivolous.

With respect to the remaining three issues, however, counsel's <u>Anders</u> brief falls short. First, counsel attempts to justify the District Court's admission of the photograph of Patillo by explaining that appellate counsel independently verified the photograph's authenticity. Counsel's post-trial investigation, however, is immaterial to whether the District Court properly admitted the photograph into evidence at trial. Second, in addressing the narcotics evidence, counsel merely states that the District Court "rightfully denied defense's efforts to preclude." (<u>Anders</u> Br. at 9.) The brief does not attempt to explain <u>why</u> this issue is frivolous. Finally, with respect Patillo's sentence, the brief does not cite to the record at all, but instead baldly asserts that the record "does not support Mr. Patillo's position." (<u>Id.</u>) In sum, counsel has failed to persuade us that he "scoured the record in search of appealable issues," and he has not "explain[ed] why the issues are frivolous." <u>Marvin</u>, 211 F.3d at 780.

### B.

Despite the shortcomings in the <u>Anders</u> brief, we conclude that this appeal does not present any non-frivolous issues. We review the District Court's decisions regarding the admission of evidence for abuse of discretion. <u>United States v. Starnes</u>, 583 F.3d 196, 213-14 (3d Cir. 2009). The District Court did not abuse its discretion in admitting into evidence the police photograph of Patillo. The photograph was properly authenticated at trial: the Atlantic City police officer testified that she used the photograph to identify the Defendant as Edwin Patillo after she bought drugs from him while working undercover in

6

July of 2003. This testimony by a witness with knowledge suffices to establish that the evidence was what the government claimed, i.e., the photograph that was used to establish Patillo's identity. See Fed. R. Evid. 901(b)(1) (providing that "[t]estimony that a matter is what it is claimed to be" by a "witness with knowledge" can authenticate evidence).

Patillo's pro se brief makes the related argument that the photograph did not exist at the time the police allegedly used it to identify him, and that the government violated Brady v. Maryland, 373 U.S. 83 (1963), by withholding exculpatory evidence concerning the date of the photograph. To establish a Brady violation, "a defendant must show that (1) the government withheld evidence, either willfully or inadvertently; (2) the evidence was favorable, either because it was exculpatory or of impeachment value; and (3) the withheld evidence was material." Lambert v. Blackwell, 387 F.3d 210, 252 (3d Cir. 2004). Patillo fails to present any evidence suggesting that the photograph did not exist when the police used it to identify him.[1] Accordingly, Patillo's Brady claim fails.

Similarly, we conclude that the District Court did not abuse its discretion when it admitted the narcotics evidence. At trial, Patillo objected to the evidence on the grounds that its chain of custody had not been established. Specifically, Patillo noted that the police paperwork did not account for the location of the drugs on certain days. The government, however, presented testimony explaining that the drugs were secured at all times, notwithstanding any shortcomings in the paperwork. "To establish a chain of

---

[1] Moreover, appellate counsel's investigation convincingly establishes that the photograph was in existence in July of 2003, when the police officer reviewed it to ascertain the identity of the person who had sold crack cocaine to her.

7

custody, the government need only show that it took reasonable precautions to preserve the evidence in its original condition, even if all possibilities of tampering are not excluded." United States v. Dent, 149 F.3d 180, 188 (3d Cir. 1998). Additionally, "[a]bsent actual evidence of tampering, a trial court may presume regularity in public officials' handling of contraband." Id. In light of the government witnesses' accounting for the location of the drugs, and the complete absence of evidence of tampering, we cannot say that the District Court abused its discretion in admitting the narcotics into evidence.

Finally, we will affirm Patillo's prison sentence. In sentencing appeals, "[w]e review alleged factual errors for clear error but exercise plenary review over purely legal errors, such as a misinterpretation of the Guidelines or the governing case law." United States v. Brown, 595 F.3d 498, 526 (3d Cir. 2010) (internal quotation marks omitted). Because the Anders brief does not identify any specific issues with respect to Patillo's sentence, we will consult the pro se brief for guidance. See Youla, 241 F.3d at 301. First, Patillo's brief argues that he should not have received enhancements for obstructing justice and managing the drug conspiracy. These enhancements, however, are supported by the evidence, and we cannot say that the District Court clearly erred in applying them.

Next, Patillo argues that the sentences that were imposed in October of 2005 and July of 2008 are not "prior" convictions, presumably because the related offenses took place after his criminal conduct in the instant case. This argument is frivolous because he was sentenced for those convictions before he was sentenced in this matter. See U.S.S.G.

8

§ 4A1.2(a)(1) (defining "prior sentence" as "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense").

Patillo also objects to the criminal history points he received for prior convictions he claims are too old to be counted. Section 4A1.2(e)(1) of the United States Sentencing Guidelines provides that any prior sentence exceeding one year and one month is to be counted, provided that the defendant was incarcerated pursuant to that sentence during any part of a fifteen-year period preceding the defendant's commencement of the instant offense. Section 4A1.2(e)(2) of the Sentencing Guidelines directs that any other sentence imposed within ten years of the defendant's commencement of the instant offense be counted. The prior convictions included in Patillo's criminal history calculation all meet the requirements of these provisions. Accordingly, no error was committed in determining Patillo's criminal history category.

Patillo asks us to consider "Apprendi/Blakely issues." (Pro Se Br. at 9.) This case, however, does not present any issues under Apprendi v. New Jersey, 530 U.S. 466 (2000), or Blakely v. Washington, 542 U.S. 296 (2004), because Patillo did not receive a sentence that exceeded the statutory maximum.

Finally, in an "Amended Informal Brief" submitted to this Court on August 20, 2010, Patillo argues that his sentence should be reduced pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010) ("Fair Sentencing Act"). Patillo's invocation of the Fair Sentencing Act is unavailing for several reasons. First, the legislation increased the amount of crack cocaine that triggers mandatory minimum prison terms of five and ten years, id. at § 2(a), and Patillo's sentence of 30 years'

9

imprisonment is not dependent upon the amount of crack cocaine that supports statutory mandatory minimum prison terms. Second, the Fair Sentencing Act, which was signed into law some two years after Patillo was sentenced, see id. (enacted August 3, 2010), does not apply retroactively. See, e.g., United States v. Bell, --- F.3d ---, 2010 WL 4103700, at *10 (7th Cir. Oct. 20, 2010); United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010) (per curiam); United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010). Third, even if applicable to Patillo, the emergency amendments to the United States Sentencing Guidelines intended to account for changes in the quantity of crack cocaine triggering statutory mandatory minimum sentences would not have affected his advisory guidelines range of imprisonment. See U.S. Sentencing Guidelines Manual, Supp. to 2010 Guidelines Manual, Amend. 748 (2010). The PSR makes clear that Patillo was responsible for the distribution of at least 1,000 grams of crack cocaine, and the amended Drug Quantity Table in § 2D1.1 of the United States Sentencing Guidelines Manual calls for a base offense level of 34 where the defendant is responsible for the distribution of at least 840 grams but less than 2.8 kilograms of crack cocaine. See id. at 37. Patillo was assigned the same base offense level of 34 at the time of his sentencing. Accordingly, Patillo's sentence is not affected by the Fair Sentencing Act.

III.

In sum, we conclude that Patillo's appeal does not present any non-frivolous issues. Accordingly, we will grant counsel's motion to withdraw and affirm the Judgment and Conviction Order of the District Court.