**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1481
_____

IN RE:  EDWIN PATILLO,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Crim. No. 06-cr-00611)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 5, 2012
Before:  SLOVITER, FISHER AND WEIS, Circuit Judges
(Opinion filed: April 18, 2012)
_____

OPINION
_____

PER CURIAM.

Edwin Patillo has filed a petition for a writ of mandamus seeking an order

directing the District Court to provide him with transcripts from his sentencing hearing.

For the reasons below we will deny the petition.

In August 2008, Patillo was sentenced to 360 months in prison by the District

Court for his conviction for trafficking cocaine base.  Patillo represented himself at

sentencing, and was appointed counsel for his appeal.  We allowed counsel to withdraw

pursuant to Anders v. California, 386 U.S. 738 (1967), and Patillo filed pro se briefs. After concluding that the appeal did not present any non-frivolous issues, we affirmed the conviction and sentence. United States v. Patillo, 403 F. App'x. 761 (3d Cir. 2010). In January 2011, Patillo filed a motion pursuant to 28 U.S.C. § 2255. In the course of his § 2255 proceedings, Patillo requested that the District Court provide him with his sentencing transcripts. In an October 18, 2011, order, the District Court concluded that Patillo had not shown that he had presented a substantial question and denied his motion for sentencing transcripts. On February 27, 2012, Patillo filed his mandamus petition. The § 2255 motion is still pending in the District Court.

A writ of mandamus should be issued only in extraordinary circumstances. See Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). Determining whether an extraordinary circumstance exists requires a two-part inquiry. First, it must be established that there is no alternative remedy or other adequate means of relief. Second, a petitioner must demonstrate a clear and indisputable right to the relief sought. Kerr v. United States District Court, 426 U.S. 394, 403 (1976). Generally, mandamus relief is used to "confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26 (1943). A writ is not a substitute for an appeal. In re Kensington Intern. Ltd., 353 F.3d 211, 219 (3d Cir. 2003).

Patillo has not shown that he has a clear and indisputable right to his sentencing transcripts. Pursuant to 28 U.S.C. § 753(f), fees for transcripts provided in § 2255

2

proceedings brought by indigent litigants are paid by the government if the suit is not frivolous and the transcript is needed to decide the issue. Patillo has not demonstrated that his sentencing claims are not frivolous. We note that most of the sentencing claims Patillo raises in his § 2255 motion were rejected on direct appeal. Moreover, he has the alternative remedy of appealing the District Court's denial of his motion for transcripts at the proper time.

For the above reasons, we will deny the petition for a writ of mandamus.