[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11225
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 1, 2010
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00304-SCB-MAP-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY ANTHONY GOMES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 1, 2010)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Appellant Gregory Anthony Gomes pled guilty to all counts of a three-count

indictment—Count One, conspiracy to possess with intent to distribute fifty grams

or more of cocaine base ("crack")[1]; Count Two, distribution of five or more grams of crack[2]; Count Three, distribution of fifth grams or more of crack[3]—and the district court sentenced him to concurrent prison sentences of 120 months, the minimum prison terms allowed by law.[4] He appeals his sentences, arguing that they are greater than necessary to achieve the goals of sentencing set out in 18 U.S.C. § 3553(a). Specifically, he contends that the disparity between sentences for crack cocaine and powder cocaine, resulting in his receiving 10-year mandatory minimum sentences, is both unreasonable and unwarranted. In support of his argument, he cites two Supreme Court decisions that permit district courts to reject the disparity created by the Sentencing Guidelines' 100:1 crack-to-powder cocaine ratio. *See Spears v. United States*, 129 S.Ct. 840, 844, 172 L.Ed.2d 596 (2009); *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). He notes additionally that the Sentencing Commission's policy is to promote sentencing uniformity and that recent legislative proposals, including the Fair Sentencing Act ("FSA"), Pub.L.No. 111-220, 124 Stat. 2372

---

[1] *See* 21 U.S.C. § 846.

[2] *See* 21 U.S.C. § 841(a)(1).

[3] *See* 21 U.S.C. § 841(a)(1).

[4] *See* 21 U.S.C. § 841(b)(1)(A)(iii).

(2010), seek to eliminate the sentencing disparities created by the 100:1 crack-to-powder cocaine ratio.

Normally, this court reviews the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). However, this case concerns the district court's authority to impose a sentence below the statutory minimum, thus subjecting the sentence to review *de novo*. *See United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010) ("We consider *de novo* . . . the application of law to sentencing issues.").

The government notes that appellant may have failed to sufficiently preserve his objection to the sentences he received, so we would review the sentence for plain error. *United States v. Raad*, 406 F.3d 1322, 1323 (11th Cir. 2005). However, the analysis in this case remains the same under any standard of review because the district court committed no error, plain or otherwise, in imposing sentences mandated by statute.

At the time that appellant committed the crimes, 21 U.S.C. § 841 provided that an individual who distributes or possesses with intent to distribute 50 grams or more of crack cocaine "shall be sentenced to a term of imprisonment which may not be less than 10 years." 21 U.S.C. § 841(b)(1)(A)(iii). "It is well-settled

that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government files a substantial assistance motion pursuant to 18 U.S.C. § 3553(e) or the defendant falls within the safety-valve of 18 U.S.C. § 3553(f)." *United States v. Castaing-Sosa*, 530 F.3d 1358, 1360 (11th Cir. 2008). A defendant qualifies for the safety-valve exception of § 3553(f) only if he "does not have more than 1 criminal history point." 18 U.S.C. § 3553(f)(1).

The Sentencing Guidelines are to be applied in an advisory fashion. *United States v. Booker*, 543 U.S. 220, 258-59, 125 S.Ct. 738, 764, 160 L.Ed.2d 621 (2005). However, *Booker* does not affect the mandatory nature of statutory minimum sentences. *United States v. Ciszkowski*, 492 F.3d 1264, 1270 (11th Cir. 2007) ("Even after *Booker*, the district court is bound by the statutory mandatory minimums."). In *Kimbrough*, the Supreme Court held that district courts have authority to deviate from the 100:1 crack-to-powder ratio in fashioning an appropriate sentence under § 3553(a) factors. *Kimbrough*, 552 U.S. at 108, 128 S.Ct. at 574. The Court noted, however, that district courts remain "constrained by the mandatory minimums" prescribed by Congress. *Id.*; *accord Spears*, 555 U.S. ___, 129 S.Ct. at 844 (district court's determination that a mandatory minimum sentence was required "moot[ed] any further arguments for a reduced sentence").

4

Appellant references the FSA to support his argument that his 10-year mandatory minimum sentences, arising out of the flawed 100:1 crack-to-powder cocaine ratio, is unfair and conflicts with 18 U.S.C. § 3553(a). The FSA, signed into law on August 3, 2010, changes to the crack-to-powder ratio from 100:1 to about 18:1. *See* Pub.L.No 111-220, 124 Stat. 2372. The Act amends the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 50 grams to 280 grams the amount of crack necessary to trigger the 10-year mandatory minimum sentence, and raising the amount from 5 to 28 grams necessary to trigger the 5-year minimum. *Id.* § 2(a)(1)-(2).

Section 109 of Title 1 provides in part:

The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109.

Appellant fails to establish that the district court committed any error in sentencing him to the mandatory minimum. The government did not file a substantial assistance motion under § 3553(e), and he did not qualify for the safety-valve exception under § 3553(f). Aside from these two statutory exceptions, no relevant authority permits a district court to impose a sentence

5

below the statutory mandatory minimum. In fact, the court would have committed reversible error if it had sentenced him to less than 120 months on the three counts of the indictment. *See Castaing-Sosa*, 530 F.3d at 1362 (vacating a sentence less than the mandatory minimum). Moreover, because the FSA took effect in August 2010, after appellant committed his crimes, 1 U.S.C. § 109 bars the Act from affecting his punishment.

AFFIRMED.