**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4297**

─────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

WILLIAM KEITH NELSON,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr.,
Chief District Judge.  (1:07-cr-00429-JAB-4)

─────────

Submitted:  October 25, 2010      Decided:  November 18, 2010

─────────

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Seth R. Cohen, SMITH, JAMES, ROWLETT & COHEN, L.L.P.,
Greensboro, North Carolina, for Appellant.  John W. Stone, Jr.,
Acting United States Attorney, Angela H. Miller, Assistant
United States Attorney, Greensboro, North Carolina, for
Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Keith Nelson appeals his conviction and 120-month sentence following his guilty plea to distribution of 56.4 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006).

Nelson's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether Nelson's sentence to the statutory mandatory minimum term of imprisonment was reasonable. Counsel requests that the court reconsider and overrule its decision in United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005), to allow a district court discretion to depart from the statutorily mandated minimum sentence. In addition, counsel and Nelson filed supplemental briefs challenging the indictment and Nelson's conviction because the Assistant United States Attorney who prosecuted the case in the district court had previously had his law license suspended. Counsel also requests remand for resentencing in light of recent legislation addressing crack cocaine sentencing disparities. Finding no reversible error, we affirm.

To the extent Nelson seeks to have this court reconsider our prior holding in Robinson, the decision of a prior panel is binding "unless it is overruled by a subsequent en banc opinion of the court or a superseding contrary decision

of the Supreme Court. United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005). Consequently, we conclude that the district court possessed no discretion to sentence Nelson below the statutory minimum sentence of 120 months' imprisonment mandated by 21 U.S.C. § 841(b)(1)(A) (2006), and that the statutorily mandated minimum sentence is per se reasonable. United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008). We reject Nelson's request to remand for resentencing, as the Fair Sentencing Act of 2010, which amended the penalty provisions of 21 U.S.C. § 841(b) by increasing the quantities of crack cocaine required to trigger mandatory minimum sentences, does not apply retroactively. See Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; United States v. Gomes, ___ F.3d ___, 2010 WL 3810872 (11th Cir. Oct. 1, 2010); United States v. Carradine, __ F.3d __, 2010 WL 3619799 (6th Cir. Sept. 20, 2010).

Finally, review of the record indicates that Nelson has failed to establish a violation of his constitutional right to due process of law or prejudice warranting reversal of the district court's judgment arising from the fact that the Government's attorney had had his license to practice law suspended. Therefore, Nelson is not entitled to dismissal of the indictment or relief from his conviction and sentence.

3

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Nelson's conviction and sentence. This court requires that counsel inform Nelson, in writing, of the right to petition the Supreme Court of the United States for further review. If he requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nelson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>