UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5086**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

ERIC LAMONT EVANS,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (5:09-cr-00111-H-1)

Submitted:  November 5, 2010        Decided:  November 23, 2010

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Rafael Rodriguez, Miami, Florida, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Lamont Evans pled guilty, pursuant to a written plea agreement, to distribution of fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced him to the mandatory minimum sentence of 120 months. On appeal, Evans' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he examines Evans' Fed. R. Crim. P. 11 hearing and questions whether the district court complied with Fed. R. Crim. P. 32. Counsel concludes, however, that there are no meritorious issues for appeal. Evans has filed pro se briefs in which he contests his sentence.[*] The Government has not filed a response. We affirm.

Evans did not move in the district court to withdraw his guilty plea; accordingly, any error in the plea hearing is

---

[*] In his pro se filings, Evans seeks the benefit on appeal of the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372, which increased the amounts of crack cocaine that trigger statutory mandatory minimum sentences in 21 U.S.C.A. § 841(b) (West 2000 & Supp. 2010). We conclude that the FSA does not apply to Evans' case. See United States v. Gomes, __ F.3d __, __, 2010 WL 3810872, at *2 (11th Cir. Oct. 1, 2010) (No. 10-11225); United States v. Carradine, __ F.3d __, __, 2010 WL 3619799, at *4-*5 (6th Cir. Sept. 20, 2010) (No. 08-3220). To the extent Evans also argues that the sentencing disparity between powder and crack cocaine offenses violates the Equal Protection or Due Process Clause, we find his claim to be without merit.

reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Counsel has identified no error in the plea colloquy, and our review of the record reveals that the district court substantially complied with the requirements of Fed. R. Crim. P. 11 in accepting Evans' guilty plea. Accordingly, we affirm Evans' conviction.

We review sentences for procedural and substantive reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Here, the record indicates that the district court followed the necessary procedural steps in sentencing Evans, and Evans' sentence, which is the lowest the court could statutorily impose, is plainly substantively reasonable. Thus, we conclude that the district court did not abuse its discretion in imposing Evans' sentence.

In accordance with Anders, we have reviewed the entire record and found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument

3

because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED