[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12252
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:07-cr-14063-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARSHALL LEE MITCHELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 23, 2011)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Marshall Lee Mitchell appeals his sentence of imprisonment for 120 months, which was imposed on remand from this Court, for conspiracy to possess and possession with intent to distribute five or more grams of crack cocaine, 21 U.S.C. §§ 841(a)(1), 846. Mitchell argues that the district court erred when it deferred to the jury's finding of drug quantity at his original sentencing. Mitchell also argues that he should be resentenced under the Fair Sentencing Act of 2010. See Pub. L. 111-220, § 2(a)(2), 124 Stat. 2372, codified at 21 U.S.C. § 841(b)(1)(B)(iii) (2010). We affirm.

During his initial sentencing proceeding, Mitchell failed to object to either the jury's special verdict, which found him responsible for five or more grams of crack, or the application of a ten-year mandatory minimum sentence triggered by the jury's finding. Mitchell challenged the finding of drug quantity for the first time on appeal. We rejected his argument as follows: "Although Mitchell argues that the jury should have determined what amount [he] intended to distribute, he cites no caselaw that would require such a special verdict. Mitchell was responsible for all the crack cocaine purchased in the scope of the conspiracy, whether the drugs were intended for resale or personal use." United States v. Mitchell, 366 Fed. Appx. 6, 16 (11th Cir. 2010) (citations omitted). We remanded for resentencing on other grounds.

Following our remand, Mitchell contested the applicability of the ten-year mandatory minimum sentence as to each count and argued that the district court should disregard as erroneous the jury's finding of drug quantity. The district court rejected Mitchell's argument based on our ruling and sentenced him to concurrent terms of the mandatory minimum sentence of imprisonment on both counts.

We review de novo the compliance with our mandate from a previous appeal. United States v. Amedeo, 487 F.3d 823, 829 (11th Cir. 2007). Under the mandate rule, a district court acting on remand cannot vary or examine our mandate "for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." United States v.Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996). A district court abuses its discretion if it exceeds the scope of our mandate. Id. In addition, the law of the case doctrine bars reconsideration of "an issue decided at one stage of a case . . . [raised] at later stages of the same case." United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997).

We reject Mitchell's argument that the district court erred by refusing to revisit the jury's finding of drug quantity. Our decision in Mitchell's first appeal

3

that the jury's finding of drug quantity was entitled to deference foreclosed that issue from being revisited on remand, and the district court correctly declined to do so. Mitchell's failure to contest the application of the ten-year mandatory minimum sentence, in either his initial sentencing or first appeal, also means that the decision of the district court on that issue became the law of the case, which barred Mitchell from contesting it for the first time at resentencing.

Mitchell's remaining argument about the Fair Sentencing Act is foreclosed by precedent. The Act does not apply to a defendant, like Mitchell, convicted before its effective date. United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010). Mitchell was arrested, convicted, and twice sentenced before that date. Mitchell is not entitled to be resentenced.

**AFFIRMED.**