NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 30, 2011[*]
Decided March 30, 2011

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-3360

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Western District of Wisconsin. |
| v. | 10-CR-32-BBC-01 |
| CHRISTOPHER S. BRAZELL, *Defendant-Appellant.* | Barbara B. Crabb, *Judge.* |

**O R D E R**

Christopher Brazell pleaded guilty to one count of intentionally distributing five or more grams of crack cocaine, *see* 21 U.S.C. § 841(a)(1). The district court sentenced him to 92 months' imprisonment and 4 years' supervised release. He appeals the sentence, arguing that the court erred by refusing to apply retroactively the Fair Sentencing Act of 2010 and thereby depriving him of the reduced statutory penalties under the Act. We affirm.

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In July 2010 Brazell pleaded guilty under a written plea agreement in which he consented "to recommend that the Court impose a sentence no lower than 92 months in prison" in exchange for the government's promise not to file an information concerning his prior drug conviction, *see id.* § 851(a)(1). The filing of that information would have increased his mandatory minimum prison term from 5 to 10 years and his maximum term from 40 years to life. *See id.* §§ 841(b)(1)(B), 851(a)(1). One month after Brazell pleaded guilty, President Obama signed into law on August 3, 2010, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). The Act increased the drug quantities necessary to trigger mandatory minimum sentences and mandated that the Sentencing Commission amend the guidelines to reflect the new crack-to-powder cocaine ratio of 18:1. *Id.*

A few weeks later, the probation officer submitted Brazell's presentence report. The officer determined that the Fair Sentencing Act applies only to offenses committed on or after August 3, 2010, and stated that Brazell therefore could not benefit from the Act's reduced statutory penalties. The officer then concluded that, because Brazell's relevant conduct involved 35 to 50 grams of crack, his offense level (25) coupled with his criminal history (category VI) yielded an advisory guidelines range of 110 to 137 months' imprisonment. The officer advised that the district court may nonetheless "wish to consider a downward variance in cases involving crack cocaine." The officer noted that Brazell's guidelines range would be 92 to 115 months' imprisonment under the soon-to-be-amended guidelines reflecting the Act's 18:1 ratio for crack-versus-powder offenses. The officer concluded by recommending that the court sentence Brazell to 92 months' imprisonment.

At the October sentencing hearing, Brazell argued that the Act's statutory penalties should apply retroactively. After the district court rejected the argument, counsel stated that "pursuant to the plea agreement, we do request the sentence of 92 months," adding that a below-guidelines sentence was particularly appropriate in light of the difference between Brazell and offenders that committed crimes after the Act's enactment. The court accepted the plea agreement and sentenced Brazell to 92 months' imprisonment and 4 years' supervised release, using the guidelines range of 110 to 137 months' imprisonment.

On appeal Brazell contends that the district court erred by concluding that he was not eligible to benefit from the Fair Sentencing Act. He points out that under the Act and given the crack quantity attributed to him, the maximum penalty dropped from 40 to 20 years and the mandatory minimum shrank from 5 years to none; even if the government filed the withheld information, his maximum penalty would drop from life to 30 years and the mandatory minimum would decrease from 10 years to none. The government responds that Brazell waived any challenge to his 92-month prison term by requesting precisely that sentence, and that in any case, the Act is not retroactive.

We can bypass the waiver issue because Brazell's argument that he should have received the benefit of the Act fails on the merits. He contends that we wrongly decided, in *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010), that the Act does not apply retroactively, but he gives us no new reason to revisit that decision. He also argues that his case is distinguishable from *Bell* because Bell both committed his offense and was sentenced before the Act's enactment, whereas Brazell committed his offense before enactment but was sentenced afterward. But as we recently concluded in *United States v. Fisher*, Nos. 10-2352, 10-3124, 2011 WL 832942 (7th Cir. Mar. 11, 2011), "[g]iven the absence of any direct statement or necessary implication to the contrary, we reaffirm our finding [in *Bell*] that the FSA does not apply retroactively, and further find that the relevant date for a determination of retroactivity is the date of the underlying criminal conduct, not the date of sentencing." *Id.* at *3. Our sister circuits have likewise found that the savings statute bars retroactive application of the Fair Sentencing Act. *See United States v. Doggins*, No. 09-40925, 2011 WL 438935, at *4 (5th Cir. Feb. 9, 2011); *United States v. Reevey*, 631 F.3d 110, 113-15 (3d Cir. 2010); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010); *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).

AFFIRMED.