[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2011
JOHN LEY
CLERK

No. 10-14428
Non-Argument Calendar

_____

D.C. Docket No. 2:07-cr-14081-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES LEVERN HUDSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 11, 2011)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Charles Levern Hudson appeals his 240-month, mandatory-minimum sentence for (1) possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii), and (2) possession with intent to distribute 5 grams or more of cocaine base, in violation of § 841(a)(1), (b)(1)(B)(iii). He argues that the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372 (2010), which was enacted after his offense conduct and conviction but before his sentencing, retroactively lowered the statutory mandatory minimum sentence for his offense. In particular, he contends that our statement to the contrary in *United States v. Gomes*, 621 F.3d 1343 (11th Cir. 2010), *cert. denied*, (U.S. Apr. 4, 2011) (No. 10-9271), is dicta that we are not obligated to follow here. For the reasons set forth below, we affirm.

I.

In October 2007, a confidential source ("CS") informed law enforcement that Hudson was selling large amounts of cocaine. The CS introduced an undercover officer ("UC") to Hudson. On October 25, 2007, the UC gave Hudson $1,900 in exchange for a bag containing 61.7 grams of crack cocaine. After the transaction, Hudson told the UC that he was interested in obtaining firearms. The UC said that he could obtain guns for Hudson.

2

On October 31 and November 1, 2007, the UC and Hudson discussed exchanging multiple firearms for one-half kilogram of crack cocaine. On November 1, 2007, law enforcement agents executed a search warrant on Hudson's residence. They found a bag containing powder cocaine and another bag containing what appeared to be, but was not, approximately 300 grams of powder cocaine. Officers also found a digital scale, baking soda, a small pot containing a crack cocaine "cookie," a bag of crack cocaine, a rifle and ammunition, and a small amount of marijuana. The officers seized a total of 55.6 grams of powder cocaine and 19.8 grams of crack cocaine from the residence.

A federal grand jury indicted Hudson on three counts: (1) possession with intent to distribute 50 grams or more of cocaine base, in violation of § 841(a)(1), (b)(1)(A)(iii); (2) possession with intent to distribute 5 grams or more of cocaine base, in violation of § 841(a)(1), (b)(1)(B)(iii); and (3) possession with intent to distribute powder cocaine, in violation of § 841(a)(1), (b)(1)(C). Hudson pled guilty to Counts 1 and 2 and, in 2008, he was sentenced as a career offender. In July 2010, the district court granted a 28 U.S.C. § 2255 motion and ordered that Hudson would be resentenced without the career-offender enhancement.

In August 2010, the probation office determined that Hudson had a total offense level of 29 and was in criminal history category VI. He faced statutory

mandatory sentencing ranges of 20 years' to life imprisonment for Count 1 and 10 years' to life imprisonment for Count 2. His guideline calculations yielded a sentencing range of 151-188 months' imprisonment, which became precisely 240 months' imprisonment due to the operation of the 20-year mandatory minimum and U.S.S.G. § 5G1.1(b).

Hudson objected that the FSA, which was signed into law on August 3, 2010, had retroactive effect. Therefore, he contended that he was not subject to the specified mandatory-minimum sentences and that the guideline range of 151-188 months' imprisonment should be restored. Following argument by the parties at the resentencing hearing, the district court found that it was obligated to impose a 240-month sentence. It saw no indication that the FSA was meant to apply retroactively to offenses committed before the effective date of the Act. Accordingly, the court sentenced Hudson to 240 months' imprisonment.

II.

We review *de novo* the application of law to sentencing issues. *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010), *cert. denied*, (U.S. Mar. 28, 2011) (No. 10-7690).

Dicta are those portions of the opinion that are not necessary to resolution of the case. *United States v. Kaley*, 579 F.3d 1246, 1253 n.10 (11th Cir. 2009).

4

"There is no requirement . . . that the explication of the governing principle of law may only be taken from an argument advanced by a party. What matters . . . is whether it was necessary to the result reached, or, in the alternative, could be discarded without impairing the foundations of the holding." *Id.* "We may disregard the holding of a prior opinion only where that holding is overruled by the Court sitting en banc or by the Supreme Court." *Id.* at 1255 (quotation marks omitted).

In part, the FSA reduced the disparity between powder- and crack-cocaine offenses by increasing the quantity of crack cocaine required to trigger each of the enhanced penalties in § 841(b). *See* FSA § 2(a). The "savings clause" in 1 U.S.C. § 109 provides,

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109.

In *Gomes*, 621 F.3d at 1344, the defendant challenged the substantive reasonableness of his mandatory-minimum sentence, citing specifically the 100:1 sentencing disparity between crack- and powder-cocaine offenses. The *Gomes*

Court noted that the district courts have authority to vary from the guideline ranges in light of 18 U.S.C. § 3553(a) and the 100:1 sentencing disparity, but not to sentence below mandatory minimums. *Id.* at 1345. It further noted Gomes's reference to the FSA in support of his argument that the 100:1 ratio is unfair, and it quoted § 109. *Id.* at 1346. The Court concluded,

> The government did not file a substantial assistance motion under § 3553(e), and he did not qualify for the safety-valve exception under § 3553(f). Aside from these two statutory exceptions, no relevant authority permits a district court to impose a sentence below the statutory mandatory minimum. . . . Moreover, because the FSA took effect in August 2010, after appellant committed his crimes, 1 U.S.C. § 109 bars the Act from affecting his punishment.

*Id.*

Thus, although the defendant cited the FSA only as part of a substantive-reasonableness argument under § 3553(a), the *Gomes* Court recognized that § 3553(a) was of no moment where the defendant sought a sentence below a statutory minimum, and it reviewed instead whether any of the three provisions at issue—§ 3553(e), § 3553(f), or the FSA—could afford Gomes relief in the form of a lower statutory minimum or a sentence below the existing statutory minimum. *See id.* In doing so, that Court concluded that the FSA could not be applied retroactively to any offense that was committed prior to August 3, 2010. *Id.* Thus, although the analysis of the FSA was not strictly necessary to answer the §

6

3553(a) argument actually raised by Gomes, it was necessary to a proper resolution of the case. *See Kaley*, 579 F.3d at 1253 n.10. Thus, it was a holding, not dicta, and we may not disregard it. *Id.* at 1253 n.10, 1255.

*Gomes* conclusively holds that the FSA is not retroactive to offenses that were committed before the effective date of the Act. Therefore, the district court correctly determined that Hudson was subject to the higher statutory mandatory minimums that were in effect in 2007. The court did not err in finding that it could not impose a sentence lower than 240 months' imprisonment.

For the foregoing reasons, we affirm Hudson's sentence.

**AFFIRMED.**