[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13351
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00448-VMC-TGW-1

UNITED STATES OF AMERICA,

                                                      Plaintiff-Appellee,

versus


VINCENT EDWARD UNDERWOOD,

                                                      Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 23, 2011)

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Vincent Edward Underwood appeals his sentence of 180 months of imprisonment for possessing with intent to distribute controlled substances, 21 U.S.C. § 841(a), being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and possessing a firearm in furtherance of a drug trafficking offense, id. § 924(c)(1). We affirm.

Underwood pleaded guilty to drug and firearms offenses without the benefit of a plea agreement. His presentence investigation report provided a combined base offense level of 24. United States Sentencing Guidelines Manual § 2D1.1 (2009). The report stated that the Supreme Court had held in United States v. Spears, 129 S. Ct. 840 (2009), that a district court may vary from the crack cocaine guidelines, but the report stated that a variance would not affect Underwood's sentence because he faced mandatory minimum sentences of 10 years for his drug crime, 21 U.S.C. § 841(b)(1)(B), and of 5 years for possessing a firearm, 18 U.S.C. § 924(c)(1)(A)(i). The report also detailed Underwood's three prior convictions for selling and possessing illegal drugs and other criminal conduct.

At his sentencing hearing, Underwood asked the district court to vary from the crack cocaine guidelines, but the district court rejected the request "for the reasons . . . set[] forth" in the presentence report. After the district court sentenced Underwood, he objected and argued that his sentence was unreasonable. The

district court responded "that the minimum mandatory sentences [were] appropriate and fair" based on Underwood's criminal history.

Underwood argues that he is "entitled" to be sentenced according the Fair Sentencing Act, which was enacted while his appeal was pending, but this argument is foreclosed by our decision in United States v. Gomes, 621 F.3d 1343 (11th Cir. 2010), cert. denied, 131 S. Ct. 1833 (2011). In Gomes, we held that the savings statute, "1 U.S.C. § 109[,] bars the Act from affecting . . . punishment" for crimes committed before its enactment. Id. at 1346. Underwood also argues that his sentence to the mandatory minimum term of imprisonment based on the 100 to 1 crack cocaine ratio violates his right to equal protection under the Fifth Amendment of the U.S. Constitution, but we have held that this disparity is not unconstitutional, United States v. King, 972 F.2d 1259, 1259–60 (11th Cir. 1992).

Underwood's sentence is **AFFIRMED**.