[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2011
JOHN LEY
CLERK

No. 11-10161
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-20678-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHEULO NELSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 20, 2011)

Before TJOFLAT, CARNES and BLACK, Circuit Judges.

PER CURIAM:

Sheulo Nelson, through counsel, appeals the district court's order granting his 18 U.S.C. § 3582(c)(2) motion, and resentencing him to 120 months, the statutory mandatory minimum sentence. On appeal, Nelson argues he is eligible for a sentence below ten years based on the retroactive two-level crack reduction[1] and the Fair Sentencing Act of 2010's (FSA) reduction of the mandatory minimum to five years. Nelson concedes his arguments may be precluded by *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010). We agree, and affirm.[2]

The district court correctly determined it was only authorized to grant Nelson a one-month reduction, from 121 months to 120 months. A statutory mandatory minimum precluded the court from sentencing Nelson to less than 120 months, and Nelson did not qualify for any statutory exception. *See Gomes*, 621 F.3d at 1346 (holding that, when the government does not file a substantial assistance motion under § 3553(e), and the defendant does not qualify for the safety-valve exception under § 3553(f), there is no relevant authority that permits a district court to impose a sentence below the statutory mandatory minimum).

---

[1]  Amendment 706, retroactive as of March 3, 2008, provides for a two-level reduction in the base offense level for certain crack cocaine offenses. Based on this reduction, Nelson contends he is eligible for a reduced guidelines range of 97 to 121 months.

[2]  We review a district court's decision whether to reduce a sentence pursuant § 3852(c)(2), based on a subsequent change in the Sentencing Guidelines, for an abuse of discretion. *United States v. Williams*, 549 F.3d 1337, 1338 (11th Cir. 2008). "[W]here the issue presented involves a legal interpretation, our review is *de novo*." *Id*. at 1338-39.

Moreover, because the FSA took effect in August 2010, after Nelson committed the offense and was sentenced, it is not applicable to the instant case. *See id.* Thus, the district court did not err in reducing Nelson's sentence by only one month, as that was the only relief to which he was entitled.

**AFFIRMED.**