[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11113
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:07-cr-14078-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTYWAN E. BRYANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 9, 2012)

Before TJOFLAT, CARNES, and MARTIN, Circuit Judges.

PER CURIAM:

Antywan Bryant appeals his 120-month sentence, imposed after he pleaded

guilty to one count of possession of more than fifty grams of cocaine with intent to

distribute, in violation of 21 U.S.C. § 841(a)(1). Bryant's sentence was imposed on February 28, 2011. During that proceeding, the district court relied on United States v. Gomes, 621 F.3d 1343 (11th Cir. 2010), to find that the Fair Sentencing Act of 2010 ("FSA") did not apply to Bryant. As a result, the court sentenced Bryant to 120-months imprisonment, the pre-FSA mandatory-minimum sentence for his offense under § 841(b)(1)(A).

On appeal, Bryant argues that the district court erred in refusing to apply the FSA at his re-sentencing. As the Supreme Court has now explained in Dorsey v. United States, ___ S. Ct. ___, 2012 WL 2344463 (U.S. June 21, 2012), Bryant is correct. The revised mandatory minimums set forth in the FSA are applicable to individuals who committed their offensive conduct before August 3, 2010, but who were sentenced after that date. Id. at *14. Therefore, we must vacate Bryant's sentence and remand the case for re-sentencing consistent with the Dorsey opinion.

VACATED AND REMANDED.