[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12679
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00091-TJC-JRK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUSTIN CHRISTOPHER TURNER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 28, 2012)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Justin Turner appeals his 120-month sentence, which the district court

imposed after he pled guilty to distributing cocaine base, in violation of 21 U.S.C.

§ 841(a)(1).  Turner, who had a prior conviction for selling or delivering cocaine, sold 15.2 grams of cocaine base to a cooperating individual on December 12, 2008, but the district court did not sentence him until March 22, 2011.  He now argues that the district court erred by not retroactively applying the Fair Sentencing Act of 2010 ("FSA"), under which he would not be subject to a statutory-minimum sentence of 120 months' imprisonment.

We review *de novo* the application of the law to sentencing issues.  *See United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010).  Prior to the FSA, a defendant that distributed 5 or more grams of cocaine base was subject to 5 to 40 years' imprisonment.  21 U.S.C. § 841(b)(1)(B)(iii) (Aug. 2, 2010).  This range was enhanced to 10 years' to life imprisonment if the defendant committed his offense after a prior conviction for a felony drug offense became final.  *Id*.  Congress enacted the FSA on August 3, 2010, and changed the crack-to-powder-cocaine ratio from 100-to-1 to about 18-to-1.  Pub. L. No. 111-220, 124 Stat. 2372 (2010); *See also United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010).  The FSA amended § 841(b)'s sentencing provisions, and raised from 5 to 28 grams the amount of cocaine base necessary to trigger the 5-year statutory minimum.  *Gomes*, 621 F.3d at 1346; *Compare* 21 U.S.C. § 841(b)(1)(B)(iii) (Aug. 2, 2010), *with* 21 U.S.C. § 841(b)(1)(B)(iii) (2011).  Currently, a defendant that distributed less than 28 grams of cocaine base is subject

2

to a statutory-maximum penalty of 20 years' imprisonment, or 30 years' imprisonment if he committed his offense after a prior conviction for a felony drug offense became final.  21 U.S.C. § 841(b)(1)(C) (2011).  Such a defendant is not subject to a statutory-minimum sentence of imprisonment.  *Id.*

The U.S. Supreme Court, on June 21, 2012, held that the FSA applies to those defendants who committed their offense prior to the FSA's enactment, but who were sentenced after the date of its enactment.  *Dorsey v. United States*, 567 U.S. __, 132 S.Ct. 2321, 2326, 183 L.Ed.2d 250 (2012).  Accordingly, the district court erred by not sentencing Turner pursuant to the FSA's provisions, and this error was not harmless, requiring that we vacate Turner's sentence and remand for resentencing.

**VACATED AND REMANDED.**