[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10353
Non-Argument Calendar
_____

D.C. Docket Nos. 7:12-cv-90125-HL-TQL; 7:10-cr-00028-HL-TQL-1

RICKY GIDDENS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(September 18, 2014)

Before HULL, MARCUS and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Ricky Giddens, a federal prisoner, appeals the dismissal of his motion to vacate his sentence. *See* 28 U.S.C. § 2255. Giddens moved to vacate his sentence as unconstitutional because the district court failed to apply the Fair Sentencing Act of 2010 at his sentencing. The district court dismissed Giddens's motion as procedurally barred because he failed to raise his arguments either at sentencing or on direct appeal. The court also denied Giddens's request to amend his motion with a claim that his counsel provided ineffective assistance by not challenging his sentence at sentencing or on direct appeal. We granted a certificate of appealability to determine whether the district court erred in dismissing Giddens's motion as procedurally barred without addressing his claim of ineffective assistance of counsel. We affirm.

We review the denial of a motion to amend a pleading for an abuse of discretion. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). "Leave to amend a [pleading] is futile when the [pleading] as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

To prevail on a claim of ineffective assistance of counsel, a movant must establish that counsel's performance was deficient, falling below an objective standard of reasonableness, and the movant suffered prejudice as a result of the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687−88, 104 S. Ct.

2

2052, 2064−65 (1984). The standard governing counsel's performance is "reasonableness under prevailing professional norms." *Id.* at 688, 104 S. Ct. at 2065. We have explained that "the deference afforded an attorney's decision is great and the bar for proving a Sixth Amendment violation is high." *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002). In the light of the strong presumption in favor of counsel's competence, a movant who alleges ineffective assistance of counsel must establish that "no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (*en banc*). It is well settled that the failure to anticipate a change in the law will not support a claim for ineffective assistance of counsel. *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001). The rule applies even if the claim, based upon anticipated changes in the law, was reasonably available when counsel failed to raise it. *See Pitts v. Cook*, 923 F.2d 1568, 1572–74 (11th Cir. 1991).

The district court did not abuse its discretion in denying Giddens's request to amend his motion to allege a claim of ineffective assistance of counsel. Under our then-controlling precedent, *United States v. Gomes*, 621 F.3d 1343 (11th Cir. 2010), at the time of Giddens's sentencing and direct appeal, he was not entitled to be sentenced under the lower mandatory minimums provided in the Fair Sentencing Act. Any failure by counsel to anticipate the change in decisional law in *Dorsey v. United States*, 132 S. Ct. 2321 (2012), does not support Giddens's

3

claim of ineffective assistance. *See Ardley*, 273 F.3d at 993. And because counsel was not ineffective, granting Giddens leave to amend his motion would have been futile. *See Cockrell*, 510 F.3d at 1310. The district court did not abuse its discretion by denying Giddens's request to amend his motion.

**AFFIRMED.**