[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13030
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cr-20511-JAL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEWAYNE JOSEPH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 22, 2021)

Before JILL PRYOR, BRANCH and LAGOA, Circuit Judges.

PER CURIAM:

Dewayne Joseph appeals the district court's denial of his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222.  On appeal, he argues that the district court erred in concluding that it lacked the authority to reduce his sentence under the Act.  After review, we vacate the denial of his motion and remand for further proceedings in the district court.

I.

In July 2010, a federal grand jury charged Joseph with possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count One); possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(iii) (Count Two); and using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Three).  All the charges arose from an incident that occurred on or about April 20, 2010.

Before trial, the government gave notice that it intended to seek an enhanced penalty on Count Two because Joseph had two prior convictions for felony drug offenses.  At the time of Joseph's offense, the statutory penalty range for an offense involving five grams or more of cocaine base where the defendant had at least one prior conviction for a felony drug offense was 10 years to life.  *See* 21 U.S.C. § 841(b)(1)(B) (2010).

2

Joseph proceeded to trial.  At trial, the government introduced evidence showing that officers observed Joseph drop items, which turned out to be a firearm and a plastic bag containing "rock cocaine."  Doc. 81 at 156–57.[1]  The government introduced into evidence an exhibit consisting of the substance found in the bag. Joseph stipulated that this exhibit consisted of 30.3 grams of a mixture and substance containing a detectable amount of cocaine base.  The jury returned a verdict finding Joseph guilty on all three counts and that the drug offense involved five grams or more of cocaine base.

Before sentencing, a probation officer prepared a presentence investigation report ("PSR").  The PSR stated that Joseph's controlled substance offense was "Possession with intent to distribute five grams or more of cocaine base" and that the statutory penalty range for this offense was "Ten years to life imprisonment." PSR at 2.  The PSR applied the career-offender sentence enhancement and calculated Joseph's Sentencing Guidelines range as 360 months' to life imprisonment.  In addition, the PSR found that Joseph was subject to a mandatory, consecutive sentence of at least 60 months for Count Three.  *See* 18 U.S.C. § 924(c)(1)(A)(i).

The district court held Joseph's sentencing hearing in February 2011.  At the hearing, Joseph sought a substantial downward variance based on the sentencing

---

[1] "Doc." numbers refer to the district court's docket entries.

factors in 18 U.S.C. § 3553(a).[2]  In particular, he argued that a sentence within the guidelines range would create unwarranted sentencing disparities because sentences of 30 years or longer were imposed for defendants who led crime organizations or were responsible for far greater quantities of drugs.  He maintained that a total sentence of 181 months, consisting of a 121-month sentence for Counts One and Two and a consecutive 60-month sentence on Count Three, was sufficient, but not greater than necessary, under § 3553(a).

While addressing the need to avoid unwarranted sentencing disparities, Joseph's counsel mentioned the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.  He noted that this statute had recently increased the amount of cocaine base required to trigger the mandatory minimums.  Joseph's counsel stated:

> [T]he amount of narcotics involved in this case, 30 point something grams, is by the weight of two paper clips away from a non-mandatory minimum sentence.  It's been—the mandatory minimum now post—I believe it's August of 2010—is 28 grams.  This is 30 grams.  And even though the minimum mandatory has been raised, I think everybody kind

---

[2] Section § 3553(a) states that a court should "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training.  18 U.S.C. § 3553(a)(2).  In imposing a sentence, a court also should consider:  the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the sentencing range established under the Sentencing Guidelines, any pertinent policy statement issued by the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id*. § 3553(a)(1), (3)–(7).

of recognizes that . . . the crack cocaine ratio is still too high.  It ought to be one to one.

Doc. 87 at 12–13.  After Joseph's counsel made this statement, neither the government nor the district court mentioned the Fair Sentencing Act.

After hearing from the parties about the § 3553(a) factors, the court awarded Joseph a two-level offense-level reduction for acceptance of responsibility.  Based on this adjustment, the court calculated his guidelines range as 292 to 365 months' imprisonment.  The court then imposed a total sentence of 352 months' imprisonment.  This sentence consisted of 120 months on Count One[3] and 292 months on Count Two, to run concurrently, followed by a mandatory consecutive sentence of 60 months on Count Three.  Joseph appealed his conviction and sentence, and we affirmed.  *See United States v. Joseph*, 445 F. App'x 301 (11th Cir. 2011) (unpublished).

In 2019, Joseph filed a motion in the district court for a sentence reduction under the newly enacted First Step Act.  The district court denied Joseph's motion. Although the court found that Joseph's drug conviction qualified as a "covered offense" under the First Step Act, the court concluded that Joseph was "ineligible" for a sentence reduction because his original sentence had been "imposed in accordance" with the Fair Sentencing Act.  Doc. 119 at 15–16 (alteration adopted)

---

[3] The statutory maximum term of imprisonment for Count One was 10 years.  *See* 18 U.S.C. § 924(a)(2).

(internal quotation marks omitted). The court explained that the Fair Sentencing Act had become effective on August 3, 2010, and Joseph was sentenced "more than six months" later. *Id.* at 16. The district court cited the Supreme Court's decision in *Dorsey v. United States*, 567 U.S. 260 (2012), holding that the Fair Sentencing Act applied to any defendant who was sentenced after its effective date. The court also treated the statement from Joseph's attorney at sentencing about the Fair Sentence Act as showing that Joseph "was being sentenced under the newly-enacted crack cocaine quantities established by the Fair Sentencing Act." Doc. 119 at 16.

This is Joseph's appeal.

## II.

We review *de novo* whether a district court had authority to modify a term of imprisonment under the First Step Act. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).

## III.

Joseph argues that under the First Step Act he is eligible for a sentence reduction because he had not already been sentenced in accordance with the Fair Sentencing Act. We agree that the district court erred in concluding that Joseph was ineligible for a sentence reduction.

6

The Fair Sentencing Act amended 21 U.S.C. § 841(b)(1) to address the disparities in sentences for offenses involving cocaine base versus powder cocaine. *See Dorsey*, 567 U.S. at 269. Section 2 of the Fair Sentencing Act increased the quantity of cocaine base necessary to trigger the highest statutory penalties from 50 grams to 280 grams, and the quantity of cocaine base necessary to trigger intermediate statutory penalties from 5 grams to 28 grams. *See* Fair Sentencing Act § 2. The Fair Sentencing Act was signed into law and became effective on August 3, 2010.

We initially addressed the effective date of the Fair Sentencing Act in *United States v. Gomes*, in which we said that the Fair Sentencing Act's changes to the drug quantity thresholds in § 841(b) applied only to defendants who committed their crimes after the law's effective date of August 3, 2010. 621 F.3d 1343, 1346 (11th Cir. 2010) (stating that the relevant inquiry was whether the defendant had "committed his crimes" by August 3). The Supreme Court later disagreed with us, holding that the Fair Sentencing Act's changes to the drug quantity thresholds applied to defendants who *were sentenced* after August 3, 2010, even if their offense conduct occurred before the law's effective date. *See Dorsey*, 567 U.S. at 264.

In 2018, Congress passed the First Step Act, permitting "district courts to apply retroactively the reduced statutory penalties for crack-cocaine offenses in the

Fair Sentencing Act of 2010." *Jones*, 962 F.3d at 1293; *see* First Step Act § 404.

Section 404 of the First Step Act authorizes a district court "that imposed a

sentence for a covered offense" to "impose a reduced sentence as if sections 2 and

3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was

committed." First Step Act § 404(b). Covered offenses are those that "triggered a

statutory penalty that has since been modified by the Fair Sentencing Act." *Jones*,

962 F.3d at 1298; *see* First Step Act § 404(a).

A district court may not "entertain a motion" for a sentence reduction under

the First Step Act "if the sentence was previously imposed . . . in accordance with

the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010."

First Step Act § 404(c). We have not previously addressed in a published opinion

what it means for a sentence to be imposed "in accordance with . . . sections 2 and

3 of the Fair Sentencing Act," but the parties agree that a movant is ineligible for a

sentence reduction under § 404(c) if the "Fair Sentencing Act's thresholds were

applied at [his] original sentencing." Appellee's Br. at 13; *see also* Appellant's Br.

at 8 (framing inquiry as whether the district court applied the Fair Sentencing Act's

reduced penalties at the original sentencing).[4] Given the parties' agreement, we

---

[4] The parties' interpretation appears consistent with the ordinary meaning of the phrase "in accordance with." To determine the common usage or ordinary meaning of a term in a statute, "we often look to dictionary definitions for guidance." *In re Walter Energy, Inc.*, 911 F.3d 1121, 1143 (11th Cir. 2018). Dictionary definitions confirm that the ordinary meaning of the phrase "in accordance with" is "in conformity to" or "according to." *Accordance*, The

assume without deciding that a movant is ineligible for a sentence reduction under § 404(c) when the Fair Sentencing Act's drug quantity thresholds were applied at his original sentencing.

We conclude that the district court erred in ruling that Joseph was ineligible for a sentence reduction because the Fair Sentencing Act's thresholds were applied at his original sentencing. At the time Joseph was sentenced, we had decided in *Gomes* that the Fair Sentencing Act's quantity thresholds applied only to defendants who committed their crimes after the Fair Sentencing Act was signed into law in August 2010. *See* 621 F.3d at 1346. As a result, at the time of Joseph's sentencing, the district court and the parties would have understood that the Fair Sentencing Act did not apply to Joseph because he committed his offense in April 2010, several months before the Fair Sentencing Act was signed into law.

The district court nonetheless determined that Joseph was sentenced according to the Fair Sentencing Act because the Supreme Court later held, contrary to our decision in *Gomes*, that the Fair Sentencing Act applied to any defendant who was sentenced after its effective date. *See Dorsey*, 567 U.S. at 264. Certainly, *Dorsey* abrogated our decision in *Gomes*. But *Dorsey* was decided in 2012—after Joseph's sentencing and, indeed, after his appeal had become final.

---

Oxford English Dictionary (online ed.) (last accessed Jan. 22, 2021). The parties' approach of asking whether the Fair Sentencing Act's thresholds were applied at Joseph's sentencing hearing is thus consistent with the ordinary meaning of the statute's text.

Given this timing, we cannot rely on *Dorsey* to conclude that the district court applied the Fair Sentencing Act's drug quantity thresholds at Joseph's original sentencing.

Besides the Supreme Court's decision in *Dorsey*, the district court relied on Joseph's counsel's reference to the Fair Sentencing Act at the sentencing hearing to show that the sentencing court had applied the Act's drug quantity thresholds. It is true that in arguing for a substantial downward variance from the guidelines range of 360 months' to life imprisonment to a sentence of 121 months' imprisonment on the controlled substances offense, Joseph's counsel mentioned the Fair Sentencing Act. Counsel compared the quantity of drugs involved in Joseph's offense (30.3 grams) to the quantity of cocaine base required to trigger § 841(b)(1)(B)'s intermediate penalties under the Fair Sentencing Act (28 grams).

From the record, however, it is not at all clear that this statement reflected Joseph's counsel's understanding, much less the district court's, that the Fair Sentencing Act actually applied to Joseph. Instead, it appears Joseph's counsel was arguing that there was an unwarranted sentencing disparity—a § 3553(a) factor—by pointing out that a hypothetical defendant whose offense occurred only a few months after Joseph's and whose conduct involved only a slightly smaller amount of cocaine base would have been sentenced under the new quantity

10

thresholds of the Fair Sentencing Act and would have faced no mandatory minimum.[5]

But even if Joseph's counsel had made an argument that the Fair Sentencing Act applied to Joseph, we still could not say on the record before us that the district court applied the Fair Sentencing Act's drug quantity thresholds at sentencing. After Joseph's counsel referred to the Fair Sentencing Act, the district court gave no indication that it believed the Fair Sentencing Act applied to Joseph.[6]  And the district court's judgment listed the offense in Count Two as "Possession with intent to distribute five grams or more of cocaine base."  Doc. 67 at 1.  This language, which matched the indictment and jury's verdict, indicates that the district court understood it was sentencing Joseph under the pre-Fair Sentencing Act statutory scheme, in which a drug quantity of five grams of cocaine base was sufficient to trigger § 841(b)(2)'s intermediate penalties.  Because the record does not reflect that the Fair Sentencing Act drug quantity thresholds were used at Joseph's

---

[5] In evaluating sentencing disparities, a district court must consider the "cliffs" that are created when an offense involving a particular quantity of a controlled substance is subject to a mandatory minimum under § 841(b) but another offense involving a slightly smaller quantity of the same controlled substance is subject to no mandatory minimum. *See Kimbrough v. United States*, 552 U.S. 85, 108 (2007).

[6] We also note that the district court judge who denied Joseph's motion for a sentence reduction was not the same judge who sentenced Joseph.  As a result, we are not presented with a situation where the district court judge who sentenced Joseph was telling us in the denial of the motion for a sentence reduction what that same judge understood about the earlier sentencing proceedings.

11

original sentencing, we conclude that the district court erred in ruling that Joseph was ineligible for a sentence reduction under § 404(c) of the First Step Act.[7]

The First Step Act imposes other requirements for a movant to be eligible for a sentence reduction, including that the movant must have a "covered offense" and must not have already received the "lowest statutory penalty that also would be available to him under the Fair Sentencing Act." *Jones*, 962 F.3d at 1303. Here, though, the government concedes, and we agree, that Joseph had a covered offense and that his current sentence is not the lowest statutory penalty available under the Fair Sentencing Act.[8] we conclude that Joseph is eligible for a sentence reduction under the First Step Act, we vacate the district court's order denying his motion for a sentence reduction and remand to the district court so that it can consider whether

---

[7] In saying that Joseph had been sentenced pursuant to the Fair Sentencing Act, the district court appears to have made a finding about a "historical fact," a determination that we generally review for clear error. *See Beeman v. United States*, 871 F.3d 1215, 1224 n.5 (11th Cir. 2017). We need not definitively decide whether we review for clear error a district court's determination that a movant was sentenced under the Fair Sentencing Act because even assuming that we review this determination only for clear error, our conclusion would remain the same. "[A]fter reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed" by the district court in finding that Joseph was sentenced under the Fair Sentencing Act. *United States v. Alicea*, 875 F.3d 606, 608 (11th Cir. 2017) (internal quotation marks omitted).

[8] The government urges us to instruct the district court that on remand it must use the drug quantity stipulated at trial (30.3 grams)—not the drug quantity found by the jury (5 grams)—for purposes of calculating what Joseph's penalty range would have been under the Fair Sentencing Act and thus the career offender guideline. Because we need not decide this question to resolve this appeal, however, we do not address it.

to exercise its discretionary authority under the First Step Act to reduce Joseph's sentence.

**VACATED AND REMANDED.**