[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14649
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 30, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:04-cr-00025-JES-SPC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ORENTAL J. ALLEN,
a.k.a. Toby,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 30, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Orental J. Allen, a federal prisoner proceeding *pro se*, appeals the district

court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. Because the district court correctly determined that it lacked authority to modify Allen's term of imprisonment, we affirm.

Allen pleaded guilty in 2004 to two counts of distributing five grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(ii), and one count of distributing a detectable amount of crack cocaine, in violation of 21 U.S.C. §§ (a)(1) and (b)(1)(C). Because Allen had three qualifying prior felony convictions, the presentence investigation report applied the career offender sentencing guideline, U.S.S.G. § 4B1.1.

At sentencing, Allen acknowledged that he was subject to sentencing as a career offender. With a reduction for acceptance of responsibility, his guideline range was 188 to 234 months' imprisonment, and the district court sentenced him to 188 months. In 2009, the government filed a motion for a downward departure, requesting a further two-level reduction in Allen's offense level for substantial assistance. The district court granted that motion and, acknowledging that the guidelines had become advisory since Allen was originally sentenced, resentenced him to 151 months' imprisonment, the low-end of his new 151 to 188 month guideline range.

Allen filed a *pro se* motion under 18 U.S.C. § 3582(c)(2) on August 26,

2011 seeking a reduction based upon Amendments 706 and 711 to the sentencing guidelines, which lowered the base offense level for crack cocaine offenses. The district court denied that motion, determining that, as a career offender, Allen was not entitled to a modification of his sentence under those Amendments. This is Allen's appeal.

We review a district court's conclusions about the scope of its authority under 18 U.S.C. § 3582(c)(2) *de novo*. *United States v. Moore*, 541 F.3d 983, 984 (11th Cir. 2008). A district court has authority under 18 U.S.C. § 3582(c) to modify the sentence of a prisoner "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

As Allen concedes, however, his sentence was "based on" his career offender status under U.S.S.G. § 4B1.1, not the crack cocaine guidelines that Amendments 706 and 711 lowered. And, as he acknowledges, this court has held that a defendant sentenced as a career offender is ineligible for a sentence reduction under § 3582(c)(2) based on the amendments to the crack cocaine guidelines. *Moore*, 541 F.3d at 1330. We are not at liberty to countenance Allen's request that we reconsider this ruling. *See United States v. Smith*, 122 F.3d 1355, 1359 (11th Cir.1997) ("Under the prior panel precedent rule, we are bound by earlier panel

holdings . . . unless and until they are overruled en banc or by the Supreme Court.").  Therefore, his argument is squarely foreclosed.

Allen correctly notes that, because the sentencing guidelines are not mandatory, district courts have discretion to vary downward from a defendant's range.  And it is also true that Allen was first sentenced before *United States v. Booker*, 543 U.S. 220 (2005), when the guidelines were treated as mandatory.  But neither of those facts alter the conclusion that the limitations on relief under § 3582(c)(2), which sets out when a district court may at a prisoner's request modify a sentence that has already been imposed, are mandatory.  *Dillon v. United States*, 130 S. Ct. 2683, 2690-93 (2010).

For similar reasons, Allen's contention that his post-sentencing rehabilitation would warrant a departure downward from the guideline range, even if the range remained the same, does not alter our conclusion.  A district court's authority to modify a sentence under § 3582(c)(2) is triggered only if the guideline range under which the defendant was sentenced has been lowered.  Because that did not happen here, the district court had no basis upon which to consider his rehabilitation.

Finally, Allen raises arguments pertaining to the Fair Sentencing Act (FSA) for the first time on appeal.  We review contentions never presented to the district

4

court only for plain error.  *U.S. v. Moreno*, 421 F.3d 1217, 1220 (11th Cir. 2005).

And we have previously held that the FSA does not apply to defendants, like Allen,

sentenced prior to its August 3, 2010 enactment.  *See United States v. Gomes*, 621

F.3d 1343, 1346 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 1833 (2011).[1]  Therefore,

there was no error with respect to application of the FSA, plain or otherwise.

The district court correctly determined that it was without authority to grant

Allen relief under § 3582(c)(2), and its decision is therefore

**AFFIRMED**.

---

[1]  We acknowledge that there maybe some disagreement between this Court's opinions in *Gomes*, 621 F.3d at 1346 and *United States v. Rojas*, 645 F.3d 1234 (11th Cir.), *reh'g en banc granted by* 659 F.3d 1055 (11th Cir. 2011).  But those two decisions agree that the FSA does not apply to defendants, like, Allen who were sentenced prior to its effective date.  *See id.* at 1238 ("We do not disagree with our sister circuits in one major sense—absent further legislative action directing otherwise, the general savings statute prevents a defendant who was sentenced prior to the enactment of the FSA from benefitting from retroactive application.").  Further, although the Supreme Court recently granted certiorari to resolve a circuit split regarding the retroactivity of the FSA, *see Hill v. United States*, ___ U.S.  ___, 132 S. Ct. 759 (2011) and *Dorsey v. United States*, ___ U.S. ___, 132 S. Ct. 759 (2011), both of those cases involved defendants who were sentenced for the first time after the effective date of the FSA.  Because Allen was first sentenced in 2004, his sentence is not within the category of sentences at issue in *Hill* and *Dorsey*.

5