[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2012
JOHN LEY
CLERK

No. 12-10139
Non-Argument Calendar

_____

D.C. Docket No. 4:94-cr-10021-KAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE NUNEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 14, 2012)

Before MARCUS, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Jose Nunez, proceeding pro se, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). After careful review, we affirm.

In November 1995, the district court sentenced Nunez to 262 months imprisonment, following his plea of guilty to one count of distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). Under the then-applicable Guidelines, the base offense level for Nunez was 32. In light of prior convictions, however, Nunez was deemed a career offender under U.S.S.G. § 4B1.1. As a result, his offense level was raised to 37, and his criminal history category to VI. The district court lowered the offense level by three levels for acceptance of responsibility. Based on an offense level of 34 and a criminal history category of VI, the district court found that the guideline range was 262 to 327 months.

In November 2011, Nunez filed a motion for a sentence reduction under Section 3582(c)(2). Nunez asked the district court to reduce his sentence based on Amendment 750 to the Guidelines, as well as the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-220, 124 Stat. 2372 (2010). In December 2011, the district court denied Nunez's motion. On appeal, Nunez argues that the district court erred in concluding that he was not entitled to relief. We are not persuaded by this argument.

As the Supreme Court has observed, Section 3582(c)(2) "does not authorize a [full] sentencing or resentencing proceeding." Dillon v. United States, ___ U.S. ___, ___, 130 S. Ct. 2683, 2690 (2010). Under Section 3582(c)(2), a district court may "substitute only the amendments . . . for the corresponding guideline provisions that were applied when the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1) (emphasis added). The district court must "leave all other guideline application decisions unaffected." Id. (emphasis added). Thus, relief under Section 3582(c)(2) is not available if "the amendment [to the guideline provision that is at issue] does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline." Id. cmt. n.1(a) (emphasis added).

Here, the district court was required to adhere to its prior determination that, under U.S.S.G. § 4B1.1, Nunez was a career offender and his offense level was 37. In other words, by virtue of that guideline provision, Amendment 750 did not have the effect of lowering Nunez's offense level and his guideline range. See United States v. Moore, 541 F.3d 1323, 1327–28 (11th Cir. 2008) (holding that Amendment 706 to the guidelines did not have the effect of lowering the guideline range for defendants who were designated career offenders under U.S.S.G. § 4B1.1). The district court therefore was correct to conclude that Amendment 750

did not give Nunez relief under Section 3582(c)(2). See United States v. Melvin, 556 F.3d 1190, 1190 (11th Cir. 2009) ("[A] district court is bound by the limitations on its discretion imposed by § 3582(c)(2) . . . .").

We also cannot say that the district court erred in rejecting Nunez's request for a sentence reduction based on the FSA itself. Section 3582(c)(2) only authorizes sentence reductions based on amendments to the Sentencing Guidelines. See 18 U.S.C. § 3582(c)(2); see also U.S.S.G. § 1B1.10(a)(1) (authorizing sentence reductions because of "an amendment to the Guidelines Manual"). To the extent Nunez suggests that the FSA is otherwise applicable to him, we must reject that assertion as well. Our precedent makes it clear that the FSA does not apply to a defendant, like Nunez, who was sentenced prior to the effective date of the act. See United States v. Gomes, 621 F.3d 1343, 1346 (11th Cir. 2010).

Finally, Nunez suggests that the limitations on a district court's discretion under Section 3582(c)(2) offend the separation of powers. We cannot agree. It is well settled that "the scope of judicial discretion with respect to a sentence is subject to congressional control," to the extent that such control does not otherwise run afoul of a constitutional guarantee. Mistretta v. United States, 488 U.S. 361, 364, 109 S. Ct. 647, 651 (1989). Thus, Congress may, consistent with

the separation of powers, limit the availability of sentence reductions under Section 3582(c)(2), which as the Supreme Court has observed, "are not constitutionally compelled" but rather constitute "a congressional act of lenity." <u>Dillon</u>, 130 S. Ct. at 2692.

For these reasons, we affirm the judgment of the district court.

**AFFIRMED.**