[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11558
Non-Argument Calendar
_____

D. C. Docket No. 1:05-cr-00017-MP-GRJ-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY J. HALL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(August 8, 2012)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Gregory Hall, appearing *pro se*, appeals the district court's denial of his

motion, filed pursuant to 18 U.S.C. § 3582(c)(2), for a sentence reduction based on Amendment 750 to the United States Sentencing Guidelines. After a review of the record and the parties' briefs, we affirm.

In March of 2007, a jury convicted Mr. Hall of conspiring to distribute and possess more than 5 kilograms of cocaine and more than 50 grams of crack cocaine with the intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846 (count one). Mr. Hall was also convicted of distributing more than 5 grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii) (count two) and acquitted of a third drug charge (count three).

Mr. Hall qualified as a career offender under U.S.S.G. § 4B1.1, which subjected him to an enhanced offense level of 37, one level higher than his original base offense level of 36, and a criminal history category of VI. Based on offense level 37 and criminal history category VI, Mr. Hall's advisory guideline range was 360 months' imprisonment to life imprisonment. Mr. Hall, however, had two prior felony drug convictions, making him subject to two statutory mandatory minimum sentences: life imprisonment for his conviction on count one; and 120 months imprisonment for his conviction on count two. *See* §§ 841(b)(1)(A)(iii) and (b)(1)(B)(iii). On June 21, 2007, the district court sentenced Mr. Hall to a term of life imprisonment on count one and a concurrent sentence of

2

360 months' imprisonment on count two.

In March of 2012, the district court considered, *sua sponte*, whether Mr. Hall was entitled to a sentence reduction under 18 U.S.C. § 3582(c)(2) in light of Amendment 750 to the United States Sentencing Guidelines. Amendment 750, which was made retroactive by the Sentencing Commission, provided a reduction in base offense levels for crack cocaine offenses in U.S.S.G. § 2D1.1(c). The district court denied a § 3582(c)(2) reduction on the ground that Amendment 750 did not lower Mr. Hall's applicable guideline range because of the operation of the career offender § 4B1.1 enhancement. *See* R1:505.

Mr. Hall appeals the denial of a sentence reduction under § 3582(c)(2). He argues that he was not sentenced as a career offender, and therefore the district court had jurisdiction to reduce his sentence. Mr. Hall also contends that his sentence should be reduced because of the Fair Sentencing Act of 2010. We are not persuaded by Mr. Hall's arguments.

A district court's denial of a § 3582(c)(2) motion to reduce a sentence based on a subsequent amendment to the Sentencing Guidelines is generally reviewed for abuse of discretion. *See United States v. Brown*, 332 F.3d 1341, 1343 (11th Cir. 2003). Nevertheless, "[i]n a § 3582(c)(2) proceeding, 'we review *de novo* the district court's legal conclusions regarding the scope of its authority under the

3

Sentencing Guidelines.'" *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008) (quoting *United States v. White*, 305 F.3d 1295, 1299 (11th Cir. 2005)). We can affirm the district court on any legal ground supported by the record even if the reason differs from the one relied upon by the district court. *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

Where a defendant is sentenced based on a range that is subsequently lowered by the Sentencing Commission through a retroactive amendment, a district court may modify the defendant's sentence. *See* § 3582(c)(2). A defendant is not entitled to a sentence reduction, however, when "an amendment ... is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10(b)(1), cmt. n. 1(a). Thus, a defendant sentenced as a career offender under § 4B1.1 is not entitled to a § 3582(c)(2) sentence reduction based on a retroactive amendment to the base offense levels for crack cocaine offenses provided in § 2D1.1(c). *See Moore*, 541 F.3d at 1327. Likewise, a district court may not grant a sentence reduction pursuant to § 3582(c)(2) to a defendant who was sentenced based upon a statutory mandatory minimum sentence. *See United States v. Mills*, 613 F.3d 1070, 1078 (11th Cir.

4

2010); *United States v. Williams*, 549 F.3d 1337, 1341–42 (11th Cir. 2008).

Here, as indicated in the presentence investigation report, Mr. Hall qualified as a career offender, and therefore, his advisory guideline range was determined by the enhanced offense level and criminal history category in § 4B1.1. As a result, Mr. Hall is not entitled to a § 3582(c)(2) sentence reduction based on Amendment 750 because that amendment only modifies the guideline ranges for crack cocaine offenses in § 2D1.1. *See Moore*, 541 F.3d at 1327 (holding that defendants sentenced as a career offenders under § 4B1.1 are not entitled to sentence reductions based on amendment to the base offense levels for crack cocaine offenses in § 2D1.1). In addition, Mr. Hall's mandatory life sentence on count one was based on the application of § 841(b)(1)(A)(iii), which remains unaffected by Amendment 750. *See Mills*, 613 F.3d at 1077–78 (holding that defendants sentenced pursuant to a mandatory minimum pursuant to § 841(b)(1)(A)(iii) are not entitled to a sentence reduction based on an amendment to the crack cocaine guideline ranges in § 2D1.1).

The Fair Sentencing Act of 2010 does not entitle Mr. Hall to a sentence reduction because he was sentenced before the effective date of the Act (i.e., August 3, 2010). *See United States v. Powell*, 652 F.3d 702, 710 (7th Cir. 2011) ("[T]he Fair Sentencing Act does not apply retroactively to sentences imposed

5

before that Act was signed into law.") (citing *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010)). *See also Dorsey v. United States*, 132 S. Ct. 2321, 2335, — U.S. —, —, (2012) (holding that Fair Sentencing Act applies to defendants sentenced after the effective date of the Act: "We have explained how in federal sentencing the ordinary practice is to apply new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced.").

Accordingly, the district court's denial of Mr. Hall's § 3582(c)(2) motion for a sentence reduction is affirmed.

**AFFIRMED.**