[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13769
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cr-00271-LSC-HGD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DONNELL SUMERLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 22, 2011)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-appellant Michael Donnell Sumerlin was indicted in 2009 with

distributing 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)

and (b)(1)(A). The government filed its notice of intent to seek enhanced penalties based on Sumerlin's prior felony drug convictions. Following a jury trial, Sumerlin was convicted of the offense; the proof at trial established the amount of drugs to be 126 grams.

The probation officer determined Sumerlin's guideline range to be 360 months to life imprisonment due to the quantity of drugs involved and Sumerlin's status as a career offender. Because Sumerlin had two prior felony drug convictions, however, the mandatory minimum sentence was life imprisonment under § 841(b)(1)(A). Although Sumerlin raised the question whether the Fair Sentencing Act of 2010 (FSA) would apply to his crack cocaine offenses, he conceded that the Act did not appear to be retroactive. The court sentenced Sumerlin to the mandatory minimum of life imprisonment. This is Sumerlin's appeal.

Sumerlin argues that the FSA should apply retroactively to his sentence because, even though the Act does not contain any express language indicating its application to pending cases, the mandatory minimum sentence he is serving no longer furthers a valid legislative purpose. He further alleges that the pre-FSA version of 21 U.S.C. § 841(b)(1)(A), under which he was sentenced, was unconstitutional on its face and in violation of the Equal Protection Clause.

When a defendant fails to object to a district court's action below, we will review his arguments on appeal for plain error. *See United States v. Olano*, 507 U.S. 725, 733-34 (1993). On August 3, 2010, Congress enacted the FSA to "restore fairness to Federal cocaine sentencing." Pub. L. No. 111-120, 124 Stat. 2372, 2372 (2010). The FSA increased the amounts of crack cocaine required to trigger the mandatory minimum sentences under 21 U.S.C. § 841(b) from 50 to 280 grams. *Id*. § 2(a)(1). Prior to enactment of the FSA, defendants who had two prior felony drug convictions when they committed an offense involving 50 grams or more of crack cocaine faced a mandatory term of life imprisonment. 21 U.S.C. § 841(b)(1)(A) (2009). The FSA did not amend the requirement that, once triggered, statutory mandatory-minimum sentences apply.[1] *See United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010). The FSA contains no language indicating its application to offenses committed before its enactment. *See generally* 124 Stat. 2372.

The general savings statute provides in relevant part that "[t]he repeal of any statute shall not have the effect to release or extinguish any penalty . . . incurred under such statute, unless the repealing Act shall so expressly provide." 1 U.S.C.

---

[1] The mandatory minimums would not apply only if the government filed a motion for substantial assistance under 18 U.S.C. § 3553(e) or the defendant qualified for safety-valve relief under 18 U.S.C. § 3553(f). Neither exception is applicable here.

§ 109. In *Gomes*, we held that § 109 barred the FSA from applying retroactively to the defendant's punishment because he committed his crimes before the FSA took effect. *Gomes*, 621 F.3d at 1346.

Moreover, we have upheld the constitutionality of the pre-FSA sentencing statute on numerous occasions. *See, e.g., United States v. Hanna*, 153 F.3d 1286, 1288-89 (11th Cir. 1998) (rejecting Due Process or Equal Protection Clause arguments); *United States v. Byse*, 28 F.3d 1165, 1170-71 (11th Cir. 1994) (holding that discriminatory impact of the crack-to-powder ratio does not violate the Equal Protection Clause absent a showing of discriminatory purpose).

Under the prior precedent rule, we are bound to follow prior precedent "unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (quoting *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003)). Therefore, the district court did not plainly err in sentencing Sumerlin under the pre-FSA version of 21 U.S.C. § 841(b)(1)(A). Accordingly, we affirm Sumerlin's sentence.

**AFFIRMED.**