[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-13769
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cr-00271-LSC-HGD-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL DONNELL SUMERLIN,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 10, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Michael Donnell Sumerlin was convicted in January 2010 for distributing

50 grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(A) (2009).  The probation officer's presentence investigation report (PSI) attributed to Sumerlin 126 grams of crack cocaine and noted his status as a career offender.  Accordingly, the PSI indicated that Sumerlin faced a mandatory life sentence under the then-current version of § 841(b)(1)(A).

Congress enacted the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111-120, 124 Stat. 2372, 2372 (2010), in order to decrease the sentencing disparity between crack and powder cocaine offenses.  The Act, which lowered the mandatory minimum sentences that applied to crack-cocaine offenses, including those under § 841(b)(1)(A), became effective on August 3, 2010.  At Sumerlin's sentencing hearing two days later, however, the district court did not sentence Sumerlin under the FSA's new sentencing structure, instead imposing the mandatory life sentence under the old version of § 841(b)(1)(A).

Sumerlin appealed, arguing that, because the FSA went into effect before he was sentenced, he was entitled to a sentence in accordance with the Act.  Sumerlin contended that, under the new law, he would be subject to only a 10-year mandatory minimum, rather than a mandatory life sentence.  *Compare* 21 U.S.C. § 841(b)(1)(A) (2006) *with* 21 U.S.C. § 841(b)(1)(B) (2006 & Supp. V 2012).

In April 2011, this court issued an unpublished opinion affirming

2

Sumerlin's mandatory life sentence. *United States v. Sumerlin*, 424 F. App'x 904

(11th Cir. 2011) (unpublished).  In that opinion, this court stated:

> Prior to enactment of the FSA, defendants who had two prior felony
> drug convictions when they committed an offense involving 50 grams
> or more of crack cocaine faced a mandatory term of life imprisonment.
> 21 U.S.C. § 841(b)(1)(A)(2009).  The FSA did not amend the
> requirement that, once triggered, statutory mandatory-minimum
> sentences apply. *See United States v. Gomes*, 621 F.3d 1343, 1346 (11th
> Cir. 2010).  The FSA contains no language indicating its application to
> offenses committed before its enactment. *See generally* 124 Stat. 2372.
>
> The general savings statute provides in relevant part that "[t]he
> repeal of any statute shall not have the effect to release or extinguish any
> penalty . . . incurred under such statute, unless the repealing Act shall so
> expressly provide."  1 U.S.C. § 109.  In *Gomes*, we held that § 109
> barred the FSA from applying retroactively to the defendant's
> punishment because he committed his crimes before the FSA took
> effect. *Gomes*, 621 F.3d at 1346.
>
> . . . .
>
> Under the prior precedent rule, we are bound to follow prior
> precedent "unless and until it is over-ruled by this court en banc or by
> the Supreme Court." *United States v. Vega–Castillo*, 540 F.3d 1235,
> 1236 (11th Cir. 2008) (quoting *United States v. Brown*, 342 F.3d 1245,
> 1246 (11th Cir. 2003)).  Therefore, the district court did not plainly err
> in sentencing Sumerlin under the pre-FSA version of 21 U.S.C.
> § 841(b)(1)(A).

*Id.* at 905-06.  We denied his petition for rehearing on June 22, but the mandate

was held.

On July 6, this court decided in a published opinion that the FSA applies to

those, like Sumerlin, who committed their offenses prior to the FSA's effective

date but were sentenced after that date. *United States v. Rojas*, 645 F.3d 1234,

3

1236 (11th Cir. 2011), *reh'g en banc granted*, 659 F.3d 1055 (11th Cir. 2011).

Then, on October 4, 2011, this court vacated *Rojas* for rehearing *en banc*. *Rojas*, 659 F.3d at 1055.

Before this court could hear the *Rojas* case *en banc*, however, the Supreme Court granted certiorari in two cases to address whether the FSA should apply to defendants convicted before, but sentenced after, it took effect. *See Hill v. United States*, 132 S. Ct. 759 (2011); *Dorsey v. United States*, 132 S. Ct. 759 (2011).

The Supreme Court has now resolved the issue, holding that the FSA's reduced sentences apply to defendants who committed their offenses before the Act's effective date, August 3, 2010, but were sentenced thereafter. *Dorsey v. United States*, __ S. Ct. __, No. 11-5683, 2012 WL 2344463, at *14 (U.S. June 21, 2012). We now address Sumerlin's appeal in light of the Supreme Court's decision.

At the sentencing hearing, Sumerlin's counsel did not object to the district court's sentence based on the FSA, so we review only for plain error. *United States v. Olano*, 507 U.S. 725, 733-34 (1993). "Under that test, . . . there must be (1) error, (2) that is plain, and (3) that affects substantial rights." *Johnson v. United States*, 520 U.S. 461, 466-67 (1997) (internal quotation marks omitted). If these conditions are met, we may then exercise our discretion to recognize the

4

error, but only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Turner*, 474 F.3d 1265, 1276 (11th Cir. 2007) (internal quotation marks omitted).

Because the mandate has not yet issued, Sumerlin's appeal remains pending in this court.  Thus, the Supreme Court's decision in *Dorsey*, decided while Sumerlin's case remained under our consideration, makes plain that it was error to sentence Sumerlin under the pre-FSA crack-cocaine sentence structure.  *Dorsey*, 2012 WL 2344463, at *14-15.  In prior cases, we have held that "[a]lthough the error was not 'plain' at the time of sentencing, 'where the law at the time of trial was settled and clearly contrary to the law at the time of appeal–it is enough that the error be 'plain' at the time of appellate consideration.'"  *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (quoting *Johnson v. United States*, 520 U.S. 461, 468, 117 S. Ct. 1544, 1549 (1997)).  Although the error was not plain at the time of the first *Sumerlin* opinion, the error is plain now and the second prong is met.

And there can be no dispute that this error affects Sumerlin's substantial rights:  under the FSA, Sumerlin was subject only to a mandatory 10-year minimum sentence, rather than the mandatory life sentence he received.  *See* 21 U.S.C. § 841(b)(1)(A); *United States v. Rodriguez*, 406 F.3d 1261, 1262-63 (11th

5

Cir. 2005) (explaining that an error affects substantial rights when it "affected the outcome of district court proceedings" (internal quotation marks omitted)).  But, at Sumerlin's sentencing hearing, the district court remarked, "the only sentence that's provided by law for your situation is life in prison, and there is no lower sentence that I am permitted by law to give you."  Had Sumerlin been sentenced under the FSA's new sentencing structure, however, the district court could in fact have considered a substantially lower sentence.

Finally, we conclude that the error in this case seriously affects the fairness, integrity, and public reputation of judicial proceedings.  As the Court in *Dorsey* made clear, failure to apply the FSA to defendants in Sumerlin's situation "would seriously undermine basic Federal Sentencing Guidelines objectives such as uniformity and proportionality in sentencing."  *Dorsey*, 2012 WL 2344463, at *4. In this case, Sumerlin received a mandatory sentence far above what he was required to receive under the FSA.  If we fail to recognize the error, Sumerlin's mandatory life sentence, imposed under a sentencing scheme that Congress had already rejected, would deeply offend our shared notions of justice.  We therefore hold that Sumerlin has satisfied each element of our plain error standard, and we exercise our discretion to recognize the error.

Accordingly, we vacate the prior opinion of this panel.  We also vacate

6

Sumerlin's sentence and remand for re-sentencing consistent with the Supreme

Court's holding in *Dorsey*.[1]

**VACATED AND REMANDED.**

---

[1] Sumerlin's motion to remand is therefore denied as moot.