[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14467
Non-Argument Calendar
_____

D.C. Docket No. 9:97-cr-08046-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNELL COE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 6, 2013)

Before CARNES, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Johnell Coe, proceeding *pro se*, appeals the district court's denial of his

motion for a sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and

Amendment 750.  The court denied Coe's motion because Amendment 750 did not lower his guideline range, as his sentence was based on the career offender provision of the Sentencing Guidelines.

On appeal, Coe argues that the Supreme Court recognized in *Dorsey v. United States*, 567 U.S. ___, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012), that § 3582(c)(2) authorizes district courts to apply Amendment 750 and the reduced statutory penalties of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, to those sentenced before the FSA's effective date. Because Amendment 750 and the FSA apply retroactively to him, his applicable statutory maximum was reduced, and as a result, his career offender guideline range was also reduced.  Relying on the Supreme Court's decision in *Freeman v. United States*, 564 U.S. ___, 131 S.Ct. 2685, 180 L.Ed.2d 519 (2011), Coe argues that the district court should have reduced his sentence, pursuant to § 3582(c)(2), because U.S.S.G. § 2D1.1, which Amendment 750 has since amended, was a relevant part of the analytical framework the court relied upon at his initial sentencing hearing.

We review *de novo* the district court's legal conclusions about the scope of its authority under § 3582(c)(2).  *United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir.), *cert. denied*, 133 S.Ct. 568 (2012).  Section 3582(c)(2) provides that a court may reduce a defendant's sentence where the defendant is sentenced to a

term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1).  Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission and must be based on a retroactively applicable guideline amendment listed in U.S.S.G. § 1B1.10(c).  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & comment. (backg'd).  According to § 1B1.10, a sentence reduction is unauthorized under § 3582(c)(2) where it does not have the effect of lowering a defendant's "applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Before the FSA was signed into law on August 3, 2010, distribution of 5 grams or more of crack cocaine triggered the application of a statutory mandatory minimum sentence of 5 years' imprisonment and a maximum sentence of 40 years' imprisonment.  21 U.S.C. § 841(b)(1)(B)(iii) (2009); *see United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010).  The FSA changed the crack-to-powder-cocaine ratio from 100-to-1 to about 18-to-1.  *Gomes*, 621 F.3d at 1346.  The FSA also amended the sentencing provisions in 21 U.S.C. § 841(b)(1) by raising from 5 grams to 28 grams the amount of crack cocaine necessary to trigger the 5-year mandatory minimum sentence and 40-year maximum sentence.  *Id.*  On June 21, 2012, the Supreme Court held in *Dorsey* that the FSA's reduced statutory mandatory minimums apply to defendants who committed crack cocaine offenses

3

before August 3, 2010, but were sentenced after the date the FSA went into effect. *Dorsey*, 567 U.S. at ___, 132 S.Ct. at 2326.

Amendment 750 to the Sentencing Guidelines, made retroactively applicable by Amendment 759, made permanent an amendment revising the crack cocaine quantity tables listed in § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750, Reason for Amend.; U.S.S.G. App. C, Amend. 748, Reason for Amend.; U.S.S.G. App. C, Amend. 759 (adding parts A and C of Amendment 750 to U.S.S.G. § 1B1.10(c)).

A career offender's offense level is determined by U.S.S.G. § 4B1.1(b), rather than § 2D1.1. U.S.S.G. § 4B1.1(b). We have previously held that a career offender is not entitled to § 3582(c)(2) relief where a retroactive guideline amendment reduces his base offense level, but does not alter the sentencing range upon which his sentence was based. *See Lawson*, 686 F.3d at 1320. In *Lawson*, we rejected a defendant's argument that, in light of the Supreme Court's decision in *Freeman*, he was entitled to a sentence reduction based on § 3582(c)(2) and Amendment 750, notwithstanding his sentence being based on the career offender guideline. *Id.* at 1319-21. In *Freeman*, the question before the Supreme Court was whether defendants who entered into Fed.R.Crim.P. 11(c)(1)(C) plea agreements were eligible for § 3582(c)(2) relief. 564 U.S. at ____, 131 S.Ct. at 2690. We determined that neither the plurality opinion nor Justice Sotomayor's concurrence in *Freeman* addressed defendants who were assigned a base offense level under

4

one guideline section, but who were ultimately assigned a total offense level and guideline range under § 4B1.1. *Lawson*, 686 F.3d at 1321. Thus, *Freeman* did not overrule our prior holding that a career offender was not entitled to § 3582(c)(2) relief where his guideline range was not lowered by a retroactive amendment. *Id.* Accordingly, we held that Lawson, a career offender, was not entitled to relief based on Amendment 750 and § 3582(c)(2), as his guideline range based on § 4B1.1 was not reduced by Amendment 750. *Id.*

In *United States v. Berry*, we affirmed the denial of Berry's § 3582(c)(2) motion, filed pursuant to Amendment 750, because Amendment 750 had no effect on Berry's initial guideline range of 360 months to life imprisonment, which was based on his status as a career offender, or his guideline sentence of life imprisonment, which applied because of his two prior felony drug convictions. 701 F.3d 374, 377 (11th Cir. 2012). In addition, we rejected Berry's argument that he was eligible for a § 3582(c)(2) reduction under the FSA, determining that the FSA was not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress. *Id.* Thus, the FSA could not serve as a basis for a § 3582(c)(2) sentence reduction in Berry's case. *Id.* Even assuming that Berry could bring his FSA claim in a § 3582(c)(2) motion, we continued, his claim still failed because he was convicted and sentenced in 2002, and, as the other circuits that had addressed the issue had concluded, there was no evidence that Congress

5

intended the FSA to apply to defendants who had been sentenced before the August 3, 2010, date of the FSA's enactment. *Id.* *Dorsey* did not suggest that the FSA's new statutory penalties should apply to defendants who were sentenced before the FSA's effective date. *See id.* at 377-78.

Because Coe's guideline sentence was based on the career offender provision in § 4B1.1, not on the drug quantity tables in § 2D1.1, Amendment 750 had no effect on Coe's guideline sentence. Contrary to Coe's assertion, the Supreme Court's decision in *Freeman* does not provide that a district court may grant a sentence reduction where a defendant's guideline range was not lowered by a retroactive amendment to the Guidelines. *See Lawson*, 686 F.3d at 1321. Furthermore, Coe was ineligible for a § 3582(c)(2) reduction based on the FSA because the FSA is not a guidelines amendment by the Sentencing Commission, but instead a statutory change by Congress. *See Berry*, 701 F.3d at 377. In any event, because Coe was convicted and sentenced prior to the effective date of the FSA, the FSA did not apply to Coe and he could not benefit from the FSA's lower statutory penalties. *See id.* Therefore, the district court did not have the authority to reduce Coe's sentence under § 3582(c)(2) and properly denied his § 3582(c)(2) motion for a sentence reduction.

For the foregoing reasons, we affirm.

**AFFIRMED.**

6