[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16055
Non-Argument Calendar

_____

D.C. Docket No. 3:99-cr-00003-CAR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKE FULTON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 3, 2013)

Before TJOFLAT, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Mike Fulton, a federal prisoner proceeding pro se, appeals the district court's

denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction, pursuant to

Amendment 750 to the Sentencing Guidelines.  On appeal, he argues that: (1) he is entitled to a § 3582(c)(2) sentence reduction because, notwithstanding his status as a career offender, his total sentence was based on the crack-cocaine guideline, not the career-offender guideline; and (2) he is entitled to be resentenced under the Fair Sentencing Act of 2010 ("FSA"), notwithstanding the fact that he was originally sentenced prior to the Act's enactment on August 3, 2010.  After thorough review, we affirm.

We review de novo the district court's legal conclusions about the scope of its authority under § 3582(c)(2).  United States v. Lawson, 686 F.3d 1317, 1319 (11th Cir.), cert. denied, 133 S.Ct. 568 (2012).  Section 3582(c)(2) provides that a court may reduce a defendant's sentence where the defendant is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1).  A sentence reduction is not authorized under § 3582(c)(2) where it does not have the effect of lowering a defendant's "applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Before the FSA was enacted on August 3, 2010, distribution of 5 to 50 grams of crack cocaine triggered the application of a statutory mandatory minimum sentence of 5 years' imprisonment and a maximum sentence of 40 years' imprisonment.  21 U.S.C. § 841(b)(1)(B)(iii) (2009); see United States v. Gomes,

2

621 F.3d 1343, 1346 (11th Cir. 2010). The FSA changed the crack-to-powder-cocaine ratio from 100-to-1 to about 18-to-1. Gomes, 621 F.3d at 1346. Under the FSA, distribution of less than 28 grams of cocaine base carried no statutory minimum and a statutory maximum of 20 years' imprisonment. 21 U.S.C. § 841(b)(1)(C). In Dorsey v. United States, the Supreme Court held that the FSA's reduced statutory mandatory minimums apply to defendants who committed crack cocaine offenses before August 3, 2010, but were sentenced after the effective date of the FSA. 567 U.S. ___, 132 S.Ct. 2321, 2326 (2012). Amendment 750 to the Sentencing Guidelines, made retroactively applicable by Amendment 759, made permanent an amendment revising the crack cocaine quantity tables listed in § 2D1.1(c). See U.S.S.G. App. C, Amend. 750, Reason for Amend.; U.S.S.G. App. C, Amend. 748, Reason for Amend.; U.S.S.G. App. C, Amend. 759.

The offense level for a career offender is determined by the career-offender guideline, § 4B1.1(b), rather than the drug quantity tables in § 2D1.1. See U.S.S.G. § 4B1.1(b). Where a defendant is sentenced as a career offender under § 4B1.1, his base offense level under § 2D1.1 plays no role in the calculation of his guideline range. Lawson, 686 F.3d at 1321. Accordingly, the district court is unauthorized to reduce the sentence of a defendant who was sentenced as a career offender, under § 4B1.1, based on a retroactive amendment to § 2D1.1, because

3

such an amendment does not have the effect of lowering a defendant's guideline range.  Id.; United States v. Moore, 541 F.3d 1323, 1327 (11th Cir. 2008).

In Freeman v. United States, the Supreme Court held, in a plurality opinion, that a defendant who entered into a Rule 11(c)(1)(C) plea agreement, which includes a binding sentencing recommendation, could, in certain circumstances, still qualify for a reduced sentence under § 3582(c)(2) if the sentence or sentencing range in the plea agreement was "based on" the amended guideline range.  564 U.S. ___, 131 S.Ct. 2685, 2690 (2011).  We later determined that neither the plurality opinion in Freeman nor Justice Sotomayor's concurrence addressed defendants assigned a base offense level under one guideline section, but ultimately assigned a total offense level and guideline range under § 4B1.1.  Lawson, 686 F.3d at 1321.  Thus, Freeman did not overrule our prior holding that a career offender was not entitled to § 3582(c)(2) relief where his guideline range was not lowered by a retroactive amendment.  Id.  In other words, a career offender is not entitled to relief based on Amendment 750 and § 3582(c)(2), since his guideline range is based on § 4B1.1 and is not reduced by Amendment 750.  Id.

In United States v. Berry, 701 F.3d 374, 377 (11th Cir. 2012), we held that the district court did not have the authority to grant the defendant, a career offender, a sentence reduction under § 3582(c)(2) because Amendment 750 had no effect on his initial guideline range or his guideline sentence.  We also rejected the

4

argument that the defendant was eligible for a § 3582(c)(2) reduction under the FSA, concluding that the Act was not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress. Id. We thus held that the FSA could not serve as a basis for a § 3582(c)(2) sentence reduction. Id. We further held that even if the defendant could bring a FSA claim in a § 3582(c)(2) motion, his claim would still fail because the FSA did not apply retroactively to the defendant's 2002 sentences. Id. We also distinguished the Supreme Court's decision in Dorsey, because it did not suggest that the FSA's new mandatory minimums should apply to defendants originally sentenced before the FSA's effective date. Id. at 377-78.

In United States v. Hippolyte, 712 F.3d 535, 542 (11th Cir.), petition for cert. filed, No. 12-10828 (June 12, 2013), we reaffirmed that, in a § 3582(c)(2) proceeding, the FSA does not apply retroactively to a defendant sentenced before the Act's enactment. We also reaffirmed our conclusion, in Berry, that the Supreme Court's decision in Dorsey did not suggest that the FSA should apply to defendants who were sentenced long before the FSA's effective date. Id.

Here, the district court correctly denied Fulton's § 3582(c)(2) motion because his guideline range was not lowered by Amendment 750. Fulton was initially assigned a base offense level under U.S.S.G. § 2D1.1, but his total offense level and resulting guideline range were based on § 4B1.1, not § 2D1.1, because he

5

was a career offender. Therefore, Amendment 750 did not alter the sentencing range upon which Fulton's sentence was based. Moreover, we held in Lawson that neither the plurality opinion nor Justice Sotomayor's concurrence in Freeman applies where a defendant was assigned a base offense level under one guideline section, but was ultimately sentenced as a career offender under § 4B1.1. We further held that Freeman did not abrogate our holding in Moore that a defendant sentenced as a career offender, under § 4B1.1, is not entitled to a § 3582(c)(2) sentence reduction where his guideline range was unaffected by a retroactive amendment. Accordingly, the district court correctly determined that § 3582(c)(2) did not authorize a reduction of Fulton's sentence.

Additionally, Berry and Hippolyte foreclose Fulton's argument that he is eligible for a § 3582(c)(2) sentence reduction based on the FSA's lower mandatory minimum penalties. As we held in Berry, the FSA is not an amendment to the Guidelines by the Sentencing Commission, and, therefore, it cannot serve as a basis for a § 3582(c)(2) sentence reduction. Moreover, even assuming that Fulton could raise his FSA claim in a § 3582(c)(2) motion, his claim fails because he was originally sentenced in 2001. Since his sentence was imposed before the effective date of the FSA -- August 3, 2010 -- he cannot benefit from the FSA's lower statutory mandatory minimum provisions. Finally, contrary to Fulton's assertion

6

on appeal, <u>Dorsey</u> did not suggest that the FSA's new statutory penalties should apply to defendants who were sentenced before the FSA's effective date.

**AFFIRMED.**